THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT WALKER, Defendant-Appellant.

Second District    No. 76-53

Opinion filed September 8, 1977.

Gordon F. DeHart, of Aurora, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (James E. Hinterlong, Michael B. Weinstein, Phyllis J. Perko, and Martin Moltz, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Robert Walker, defendant-appellant, hereinafter referred to as the "defendant," was convicted by a Kendall County jury of driving while under the influence of intoxicating liquor in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)). Defendant was fined $200. He has appealed.

On appeal, defendant makes five contentions: (1) That the traffic citation he was given did not charge him with an offense; (2) That he was denied equal protection of the law by the State's failure to properly admonish him concerning a request that he take a breathalizer test; (3) That the trial court improperly denied the defendant's motions for a mistrial; (4) That the jury was improperly instructed; and (5) That the defendant was not proved guilty beyond a reasonable doubt.

After reviewing the record and weighing the arguments presented, we have concluded that defendant's contentions are without merit, and we therefore affirm the judgment of the trial court.

The principal witness for the State was Officer Patrick Pierce of the Kendall County sheriff's department. At trial, Officer Pierce testified that at approximately 4 a.m. on July 13, 1975, he was on patrol in a marked squad car with Officer Richard Schredder of the Kendall County sheriff's office. At that time they were on Route 47 approximately 1½ miles north of the intersection of Routes 47 and 34 in Kendall County, when they came upon a parked car. The car was partially on the road, and the officers stopped to investigate. Officer Pierce testified that he got out of the squad car and approached the parked car. As he did so, he noticed that the car's engine was running and that the car was covered with dew except for the hood, which was dry. Officer Pierce further testified that when he reached the driver's window, he attempted to question the defendant, who was seated behind the steering wheel. However, he could not hear the defendant's response to his questions over the noise of the engine, so he (Officer Pierce) reached inside the car and turned off the ignition. When reaching into the car to turn off the ignition, Officer Pierce testified that he noticed a strong alcoholic odor on the defendant's breath. Officer Pierce's testimony continued to the effect that he requested the defendant to step out of his car and attempt to walk a straight line. When the defendant failed to perform this test to Officer Pierce's satisfaction, the defendant was placed under arrest.

Officer Schredder also testified. His testimony was largely consistent with that of Officer Pierce. While there were some discrepancies between the testimony of the two officers, we find those discrepancies to be minute in nature and insufficient to materially detract from Officer Pierce's testimony.

The defendant testified that he had been at a birthday party earlier that evening. At the party he had had only three beers and left at approximately 1 a.m. On his way home he became drowsy, so he pulled off the road to take a nap. Defendant's testimony continues to the effect that he was awakened by the flashing lights of the squad car. He asserts that he was able to walk the white line when Officer Pierce requested that he do so, and finally he asserts that he was not intoxicated.

We deal first with the defendant's contention that the traffic citation he was given did not charge him with an offense. The traffic citation the defendant was given charged him with "operating a motor vehicle while under the influence of intoxication [*sic*] beverage in violation of Illinois Vehicle Code 11. Section No. 501." We hold that the above traffic citation sufficiently charged defendant with an offense.

■■ A charge is sufficient if it states the elements of an offense with sufficient particularity to inform the defendant of the charge against him, enables the defendant to prepare a defense and permits a conviction or acquittal to act as a bar to further prosecution for the same offense. (*People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267; *People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897, *cert. denied* (1970), 400 U.S. 825, 27 L. Ed. 2d 54, 91 S. Ct. 49.) The traffic citation in the case at hand meets these criteria.

Defendant argues that the words "intoxication beverage" do not inform him as to whether he is charged with driving while under the influence of intoxicating liquors in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)) or with driving while under the influence of a narcotic drug in violation of section 11—501(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(b)). We must disagree.

■■■ Citations charging a defendant with driving while under the influence of intoxicating beverages have repeatedly been upheld. (*People v. Sirinsky* (1970), 47 Ill. 2d 183, 265 N.E.2d 505; *People v. Casa* (1969), 113 Ill. App. 2d 1, 251 N.E.2d 290.) Therefore it is clear that the word "beverage" is an acceptable substitute for the word "liquor." The grammatical error in using the word "intoxication" instead of "intoxicating" was harmless in that both words connote being under the influence of alcohol or drugs. Therefore, the phrase "intoxication beverage" was sufficient to inform the defendant that he was being charged with driving under the influence of intoxicating liquor in

violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(a)) and not with driving while under the influence of a narcotic drug in violation of section 11—501(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501(b)).

The fact that the traffic citation sufficiently informed the defendant of the charge against him is further indicated by the fact that defense counsel was satisfied with the State's response to his motion for a bill of particulars.

■■ The defendant's second contention is that he was deprived of equal protection of the law by the State's failure to give him a breathalizer test. The defendant reasons that the State's failure to give him the test denied him the opportunity to gather evidence in his own behalf. We find this contention to be without merit.

It is clear from the record before us that the defendant was asked to submit to a breathalizer test, although the admonishments required by section 11—501.1(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1) were not given to the defendant. The failure to properly admonish the defendant did not constitute a deprivation of the equal protection of the law, but merely precluded the State from automatically suspending the defendant's driver's license under section 11—501.1(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(a)).

■■ While the State may not suppress evidence, it is under no obligation to gather evidence for the defendant. (*People v. Mankowski* (1975), 28 Ill. App. 3d 641, 329 N.E.2d 266.) By refusing to take the breathalizer test, the defendant relieved the State of any obligation to perform any additional tests as required by section 11—501.1(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(a)), since that section only requires the State to have the additional tests performed on behalf of a defendant who has submitted to the breathalizer test. *People v. Bies* (1971), 2 Ill. App. 3d 1001, 276 N.E.2d 364.

The defendant's third contention is that the trial court committed reversible error when it allowed into evidence the following testimony:

"MR. NELSON [Assistant State's Attorney]: Okay. What, if anything, did you do at that point in time?

A: [Officer Pierce]: At that time, I advised the defendant, Mr. Walker, that I was placing him under arrest for driving while under the influence of intoxicating beverages.

Q: Then what did you do?

A: At that time, I advised him of his rights and asked him if he would like to take a breathalizer [*sic*] test.

Q: Okay. And did you—

MR. DE HART [Defense Counsel]: We'll have a motion to make when we recess.

THE COURT: Okay. I'll let you make it then.

MR. NELSON: Did you place the defendant in your squad car at that time?

A: Yes, sir, I did.

* * *

Q: [Mr. Nelson, Assistant State's Attorney]: And who was present besides yourself?

A: [Officer Schredder]: Officer Pierce and Mr. Walker.

Q: Okay. And do you recall the substance of that conversation.

A: The first part of the conversation in the car, Mr. Pierce informed—

MR. DE HART [Defense Counsel]: I'm going to object on the grounds of relevancy, your Honor.

THE COURT: Overruled. He may answer.

A: Officer Pierce informed Mr. Walker that he would like him to take a sobriety test.

Q: Did you say anything with regard to—

MR. DE HART: I would like to repeat the objection. I have to make the comment which I will speak later about [sic].

THE COURT: All right.

MR. NELSON: Did he [Officer Pierce] make any reference to the removal of the vehicle.

A: Definitely did."

The defendant contends that the above testimony had the effect of informing the jury in violation of sections 11—501(h) and 11—501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, pars. 11—501(h) and 11—501.1(c)) that the defendant had refused to submit to a breathalizer test and that such information was so prejudicial as to require, as defendant twice moved, that a mistrial be declared.

In the case at hand, we hold that the defendant was not so prejudiced by the references to the request that he take a breathalizer test so as to justify the granting of a mistrial.

■■ Defendant's first motion for a mistrial followed the direct testimony of Officer Pierce. We agree with the trial court's assessment that the reference by Officer Pierce to his request that defendant take a breathalizer test was harmless. The remark was made in response to a question concerning the procedure Officer Pierce followed in placing the defendant under arrest. The remark was made in passing, the State's Attorney immediately steered Officer Pierce away from the topic, and Officer Pierce's response concerned only the request that the defendant take a breathalizer test and not the defendant's refusal to take it.

■■ The defendant's second motion for a mistrial came at the close of his defense. In the interim between the two motions for mistrial, Officer Schredder made his passing reference to the request that the defendant

take a breathalizer test, and the defendant made a similar reference in his direct testimony. Again, we find Officer Schredder's comment to have been harmless. It was made in passing as a response to a question concerning a conversation that had several aspects, and again the State's Attorney immediately steered the witness away from the topic. Furthermore, by making reference to the same topic in his direct testimony, the defendant acquiesced to the references to the request that he take a breathalizer test. *People v. Burage* (1961), 23 Ill. 2d 280, 178 N.E.2d 389, *cert. denied* (1962), 369 U.S. 808, 7 L. Ed. 2d 555, 82 S. Ct. 651.

■■ Defendant next asserts that the jury was not properly instructed. However, in his abstract the defendant failed to include all instructions given and refused. This failure constitutes a waiver of this argument. *People v. Mostert* (1976), 34 Ill. App. 3d 767, 340 N.E.2d 300; *People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214.

■■ Finally, defendant contends he was not proved guilty beyond a reasonable doubt. The essence of his argument is that the testimony of Officers Pierce and Schredder was not credible enough to justify a conviction.

> "In this regard, it is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of disputed evidence or the credibility of witnesses for that of the trier of fact who heard the evidence presented and observed the demeanor of the witnesses. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.) It is peculiarly the province of the jury to weigh the evidence, judge the credibility of witnesses, and determine the facts. A reviewing court will not set aside a jury's verdict of guilty unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to cause a reasonable doubt as to the guilt of the accused. (*People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.)" (*People v. Barksdale* (1976), 44 Ill. App. 3d 770, 775, 358 N.E.2d 1150, 1154.)

In the case at hand, the testimony of Officer Pierce was clear, positive and credible. Furthermore, his testimony was largely corroborated by that of Officer Schredder. Therefore we find no reason to set aside the jury's verdict of guilty.

Having found all the defendant's contentions to be without merit, we affirm the judgment of the circuit court of Kendall County.

Judgment affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.