THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK EDWARD ABBOTT, Defendant-Appellant.
Fourth District   No. 14418

Opinion filed December 12, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul C. Komada, State's Attorney, of Charleston (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The defendant, Frank Edward Abbott, was sentenced to 3 to 9 years in the penitentiary after a Coles County jury found him guilty of burglarizing the T. V. Janes Furniture Store in Mattoon in violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1).

On October 2, 1976, Mattoon detective James M. Sestina allegedly was in the course of a stakeout or surveillance patrol near the T. V. Janes store at approximately 1:30 a.m. Sestina testified that he was surreptitiously observing the store pursuant to orders of the assistant chief of police who had been tipped that a burglary of the store was being planned for that night. Sestina, who had known defendant for approximately 2 years, observed defendant approach and kick a rear door of the store. When an alarm was triggered, defendant fled into a nearby corn field, but he returned to resume kicking the door within 3 to 5 minutes. The alarm was triggered and defendant fled into the corn field twice more before he was finally able to enter the store. Upon his emergence from the store,

defendant stacked several items of merchandise removed from the store next to two vans parked near the rear of the building. Sestina apparently made no attempt to arrest the defendant or to directly intervene in the defendant's activity. Instead, he testified that he called for assistance from two uniformed officers, Officers Ronald Scott and Richard Robbins.

When Scott and Robbins arrived at the store, they momentarily observed a person whom they identified as the defendant. When that person observed the approaching police car, he dropped the merchandise held in his arms and retreated into the corn field. A search for fingerprints at the store proved unsuccessful, but an information based on the officers' recognition of the defendant was filed later that same day charging him with the instant burglary.

On October 5, 1976, while responding to a disturbance reported from a Mattoon tavern, Officers Scott and Robbins confronted and arrested the defendant for the October 2 burglary.

Sestina's testimony concerning his surreptitious observation of the commission of the crime and his failure to interrupt the criminal activity or attempt to arrest the defendant lacks corroboration. Before calling for assistance, Sestina sat idle for several minutes while he observed defendant's three attempts to forcibly enter the building. It is understandable that Sestina would await assistance from other officers, but the credibility of Sestina's testimony was damaged by the failure of Officers Scott and Robbins to definitely attribute their presence at the scene of the crime to Sestina's call for assistance. At a preliminary hearing, Scott stated that he and Robbins were on a routine patrol of the store premises when they discovered the crime and he denied having received a radio dispatch instructing them to go there. At the trial, however, both officers testified that they went to the store to investigate a prowler call.

■■ Although Sestina's testimony was not supported, we cannot say that the jury's finding of guilt was contrary to the manifest weight of the evidence. (*People v. Frost* (1977), 47 Ill. App. 3d 767, 362 N.E.2d 417.) The credibility of witnesses has long been recognized as a question whose determination is best left within the province of the jury.

On appeal to this court, defendant has contended that the State's failure to disclose the substance of Sestina's oral, pretrial statements violated his right to discovery and deprived him of a fair trial.

Supreme Court Rule 412(a)(i) provides that the State shall disclose the following information to the defense upon written motion: "(i) the names and last known addresses of persons whom the State intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements." (58 Ill. 2d R. 412(a)(i).) In the instant case, both the State and

the defense filed discovery motions, with the defense motion containing a paragraph virtually identical to Supreme Court Rule 412(a)(i). Pursuant to that rule, the State voluntarily responded to the defendant's motion.

Included in the information disclosed to the defense was a statement that Sestina was to be called as a trial witness for the State. The record, however, does not reflect that the defense made any effort to interview Sestina prior to trial. In addition, the State maintained an open discovery file in regard to information in its position, although no memorandum concerning Sestina's surveillance activity had been drafted or included in that file.

■■ As a general rule, a witness will not be disqualified from testifying simply because the State in good faith did not draft memoranda of that witness' pretrial, oral statements. (*E.g., People v. Caldwell* (1976), 39 Ill. App. 3d 1, 5, 349 N.E.2d 462; *People v. Linwood* (1975), 30 Ill. App. 3d 454, 459, 333 N.E.2d 520.) In *People v. Manley* (1974), 19 Ill. App. 365, 311 N.E.2d 593, the court ordered that the State reduce a witness' oral statement (recounting the defendant's admissions) to a written memorandum because the State's Attorney followed an announced practice of not reducing oral statements to writing in order to preclude their discovery. Although the court held that the memorandum should have been drafted in *Manley*, it did not say that all statements made to State investigators should be reduced to memorandum form. (Compare *Manley* with *People v. Rand* (1975), 29 Ill. App. 3d 873, 331 N.E.2d 15 (where a defendant's oral statement was held to be absolutely discoverable).) In *People v. Hummel* (1976), 38 Ill. App. 3d 233, 347 N.E.2d 305, we held *inter alia* that the State need not furnish a detailed description of a criminalist's qualifications where the State had already identified the criminalist. In *People v. Ohley* (1973), 15 Ill. App. 3d 125, 303 N.E.2d 761, the court held that the State need not furnish a detailed description of the chemical formula or molecular structure of tablets allegedly sold by the defendant where the State had already offered to furnish the tablets for analysis by the defense.

■■ The rules of discovery are not intended to impose an unreasonable burden on the State. The rules do not require that the State prepare the defendant's case. Rather, as is required by Supreme Court Rule 412(c), the State has a duty to disclose to the defense any material or information in its control or possession which tends to negate the accused's guilt or tends to reduce the punishment which may be imposed by the court. In the instant case, since the State identified Sestina as a witness it intended to call at trial, we find that the rules of discovery do not require that the State reduce the substance of Sestina's pretrial, oral statements to memoranda form prior to presenting him as a witness.

Defendant also contends that the State's policy of maintaining an open

file in regard to this case did not constitute full compliance with discovery. In *People v. Parton* (1976), 40 Ill. App. 3d 753, 354 N.E.2d 12, we held that the State's use of an open file did not comply with Supreme Court Rule 412(e)(i) (58 Ill. 2d 412(e)(i)) which requires that a general description of discoverable materials contained in the open file be transmitted to the defendant. *Parton*, however, is inapposite to the instant case because the undiscovered statement here was oral in nature and was not contained or buried in the State's open file.

■■■ The prosecution's duty to preserve evidence was well-stated in *United States v. Bryant* (D.C. Cir. 1971), 439 F.2d 642, where the court stated: "The purpose of the duty is not simply to correct an imbalance of advantage, whereby the prosecution may surprise the defense at trial with new evidence; rather, it is also to make of the trial a search for truth informed by all relevant material, much of which, because of imbalance in investigative resources, will be exclusively in the hands of the Government." (439 F.2d 642, 648.) One use of such statements and memoranda is to test the witness' credibility at trial. (*People v. DeStefano* (1975), 30 Ill. App. 3d 935, 943, 332 N.E.2d 626.) While we have found that our rules of discovery do not require a prosecutor to reduce all of his witnesses' pretrial statements to written memoranda and that defense counsel should not rely on the State to prepare a case for the defense, we will not condone intentional tactics taken by the State to preclude discovery of relevant material.

The police and prosecutor are primarily engaged in a quest for truth when they investigate allegations of criminal activity. Any attempt to avoid the disclosure of evidence casts an ominous shadow over our entire system of law enforcement including its investigative, prosecutorial, and judicial branches. On occasion, such tactics might result in the conviction of an innocent man, although we are confident that that did not occur in the instant case. What might have happened here is that prompt disclosure of Sestina's testimony could have resulted in a guilty plea instead of the trial which we are reviewing.

For the foregoing reasons, we affirm defendant's conviction for burglary and the sentence imposed thereon.

Affirmed.

MILLS and TRAPP, JJ., concur.