**Gene L. WELCH, Petitioner-Appellant,**

v.

**DISTRICT COURT OF VERMONT UNIT NO. 5, WASHINGTON COUNTY, Respondent-Appellee.**

**No. 653, Docket 79–2001.**

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1979.

Decided March 15, 1979.

William A. Nelson, Appellate Defender, Montpelier, Vt., for petitioner-appellant.

Richard A. Unger, Asst. Atty. Gen., Montpelier, Vt. (M. Jerome Diamond, Atty. Gen., State of Vermont, Montpelier, Vt., of counsel), for respondent-appellee.

Before LUMBARD, MOORE and MANSFIELD, Circuit Judges.

PER CURIAM:

Gene L. Welch appeals from a judgment of the United States District Court for the District of Vermont, James S. Holden, Chief Judge, dismissing his petition for a writ of habeas corpus. We affirm.

Welch was convicted on June 13, 1977, after a jury trial in the Vermont state district court of driving while under the influence of intoxicating liquor on October 2, 1976. At the trial, pursuant to statutory authority, 23 V.S.A. § 1205(a),[1] the prosecution introduced into evidence over Welch's objection his refusal at the time of his arrest to take a breath test which would have provided scientific evidence of the amount of alcohol in his blood. The trial judge, at the State's request, instructed the jury that the evidence of Welch's refusal could not be

---

1. 23 V.S.A. § 1202 at the time of Welch's arrest provided in relevant part:

    Any person who operates, attempts to operate or is in actual physical control of any vehicle on a highway in this state is deemed to have given his consent to the taking of a sample of his breath for the purpose of determining the alcoholic [or drug] content of his blood.

    23 V.S.A. § 1205(a) provides in relevant part:

    If the person refuses to submit to a chemical test, it shall not be given but such refusal may be introduced as evidence in a criminal proceeding.

    Section 1205(a) also provides for license suspension for one year for a refusal to take a breath test if the police officer who requested the breath test had reasonable grounds to believe that the driver was operating a vehicle while under the influence of alcohol.

considered to decide the ultimate issue of guilt or innocence, but only as an explanation of why no scientific evidence of intoxication was introduced by the State. Welch appealed his conviction to the Vermont Supreme Court, which affirmed the judgment on September 11, 1978. Welch then petitioned the United States District Court for a writ of habeas corpus under 28 U.S.C. § 2254, and he now appeals from the dismissal of that petition.[2]

The sole issue on appeal is whether the introduction of evidence of Welch's refusal to take a breath test violated his constitutional privilege against self-incrimination under the Fifth and Fourteenth Amendments. Appellant concedes, as he must, that he had no constitutional right to refuse to take the breath test, since his breath constitutes "real or physical" rather than "testimonial or communicative" evidence and compulsion of physical evidence from the body of the defendant does not violate the privilege against self-incrimination. *Schmerber v. California*, 384 U.S. 757, 760–65, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Welch contends, however, that his refusal to furnish such physical proof, as distinguished from the physical evidence itself, constitutes a testimonial or communicative act protected by the Constitution from disclosure.

This issue was raised in *Schmerber* but the Court did not resolve it because defense counsel in that case had failed to object at trial to the admission of the refusal evidence or the prosecutor's comments on that evidence. 384 U.S. at 765 n.9, 86 S.Ct. 1826, 1833 n.9. The Court did note that "general Fifth Amendment principles, rather than the particular holding of *Griffin* [*v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)], would be applicable in these circumstances." *Id.*, citing *Miranda v. Arizona*, 384 U.S. 436, 468, n.37, 86 S.Ct. 1602,

16 L.Ed.2d 694 (1966). The Supreme Court also held that the State "may have to forgo the advantage of any *testimonial* products of administering the test," such as incriminating statements or confessions made by the accused out of fear of the process of extracting physical evidence from his body or out of religious opposition to the test. 384 U.S. at 765 n.9, 86 S.Ct. at 1833 n.9 (emphasis in original).

There is no claim in this case that Welch refused out of fear of any "pain, danger, or severity" associated with the breath test, *id.*, or that he opposed the test on religious grounds. Nor did he "confess" when faced with the threat of a compelled test. Although the evidence introduced constituted more than a mere "No" on the part of Welch, and included not only vague and contradictory answers but also a request for the presence of a third party witness if he should submit to the test, he did not give a reason for his refusal or actually make an incriminating statement to the effect that he was drunk.[3] His only claim, therefore, is that the very act of refusal was itself testimonial in nature.

We have already rejected a similar claim in the area of handwriting exemplars, holding in *United States v. Wolfish*, 525 F.2d 457, 461 (2d Cir. 1975) (per curiam), *cert. denied*, 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976), that it was not error to admit evidence of the defendant's refusal to cooperate in giving a handwriting exemplar, including his efforts to disguise his handwriting in the exemplar. Appellant seeks to distinguish *Wolfish* in two respects. First, the defendant's effort to disguise his handwriting in *Wolfish* represented an attempt to provide false physical evidence. Thus the refusal to cooperate in *Wolfish* included not only a refusal to follow directions, as is the case here, but also an effort to falsify evidence. There is no rea-

**2.** Welch was sentenced to six to nine months' imprisonment, all suspended but sixty days, with probation. Execution of that sentence has been stayed pending the decision of this court.

**3.** Although the defendant's negative response does contain certain communicative qualities

by definition, that alone does not render the refusal "sufficiently testimonial for purposes of the [Fifth Amendment] privilege." *Fisher v. United States*, 425 U.S. 391, 411, 96 S.Ct. 1569, 1581, 48 L.Ed.2d 39 (1976).

son to believe that our decision in *Wolfish* would have been different had only the former aspect of the refusal to cooperate been present.

Second, Welch contends that *Wolfish* can be distinguished on the ground that there the defendant had no statutory right to refuse to provide an exemplar, whereas here there is a right under Vermont law to refuse. Cf. *Newhouse v. Misterly*, 415 F.2d 514, 518 (9th Cir. 1969), *cert. denied*, 397 U.S. 966, 90 S.Ct. 1001, 25 L.Ed.2d 258 (1970) ("where an underlying right to refuse . . . a blood test is present, it would be improper to draw adverse inferences from failure of the accused to respond to a request for a blood test because the accused would thereby be penalized for exercising his rights to refuse the test"). Whatever may be the merit of such a distinction where the State grants by statute an unqualified right to refuse to submit to a breath test (or other physical evidence extraction procedure), it has no weight where, as here, the statutory right to refuse is expressly conditioned on the State's correlative right to introduce evidence of that refusal at trial. There is no claim of unfair surprise here; Welch was well aware at the time of his refusal that he had no unqualified right to refuse. And there is nothing unconstitutional in the manner in which Vermont has chosen to condition its statutory right to refuse. The statute does not compel a driver refusing to take the test to surrender any constitutional right. It is merely an explicit recognition of the practical existence of situations that might develop where a driver simply will not cooperate even though required to by state law, such as resort by the police to force in an effort to obtain the physical evidence to which they are entitled.

Since we find no merit in appellant's contention that the introduction of evidence of his refusal to take a breath test violated his Fifth and Fourteenth Amendment right against self-incrimination, we affirm the denial of the petition for a writ of habeas corpus.