THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD A. MILLER, Defendant-Appellant.

Fifth District   No. 78-342

Opinion filed August 30, 1979.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant Richard A. Miller appeals from a judgment of the Circuit Court of Madison County finding him guilty of the crime of reckless homicide.

Defendant first contends that the two-count indictment filed against him is insufficient to state an offense. We disagree. Count I of the indictment reads as follows:

"Count I

Richard A. Miller on the 17th day of August, 1977, at and in the County of Madison, in the State of Illinois, committed the offense of reckless homicide in that said Defendant acting in a reckless manner, did perform acts likely to cause death or great bodily harm to some individual in that he recklessly operated a motor vehicle in a southerly direction along and upon North Drive, Southern Illinois University, at Edwardsville, a two-lane roadway, near the main entrance to the Mississippi River Festival Site, at a speed which was much greater than reasonable and proper with regard to the existing traffic conditions and the safety of persons properly upon the roadway and further recklessly pass the vehicle of John Foster at an excessively high rate of speed and at a time unsafe for passing and did thereafter run off the roadway on the right side of the road, cross over the north-bound lane of traffic, run off the road on the oncoming lane side and cause his motor vehicle

to crash into a vehicle wherein Wayne Dickenson was the driver, thereby causing the death of Wayne Dickenson, in violation of Section 9—3(a) of Chapter 38 Illinois Revised Statutes."

Count II is substantially identical, the only difference being that the name of the second victim, Marjorie Wilson, is substituted for the name of Wayne Dickenson. Defendant asserts that this indictment did not fully advise him of the nature and elements of the offense of reckless homicide. We believe this assignment of error to be without merit. A charge is sufficient if it states the elements of an offense with enough specificity to notify the defendant of the crime charged, enables the defendant to prepare a defense, and permits a judgment on the charge to act as a bar to further prosecution for the same offense. (*People v. Walker* (1977), 52 Ill. App. 3d 510, 367 N.E.2d 723.) The elements of reckless homicide are that the defendant unintentionally killed a person while driving a motor vehicle by recklessly performing acts which were likely to cause death or great bodily harm. (Ill. Rev. Stat. 1977, ch. 38, par. 9—3.) These elements are set forth in the indictment with sufficient specificity. Furthermore, the indictment is rather explicit in describing the particular acts which are alleged to have been performed by the defendant.

The State's evidence disclosed that on August 17, 1977, defendant was driving a blue Dodge Demon in a southerly direction on University Drive on the campus of Southern Illinois University. He overtook a red Pinto driven by John Foster. Foster estimated that defendant was traveling at a speed of approximately 70 miles per hour when defendant pulled into the northbound lane to pass Foster. Foster's automobile was going about 40 miles per hour. Defendant passed and pulled back into the southbound lane, coming within less than a foot of Foster's left front fender. Foster was crowded off the road and onto the gravel shoulder. Defendant's automobile hit the southbound gravel shoulder, veered across both driving lanes, hit the opposite shoulder, then went into the northbound lane. His automobile collided with a Volkswagen which was stopped or nearly stopped in the northbound lane, pushing the Volkswagen south a distance of approximately 80 feet, into an oncoming northbound Firebird. The Firebird sustained $250 in damage from this collision. The two persons in the Volkswagen were killed.

The State claimed that the accident occurred because defendant attempted to pass Foster at an excessive speed while under the influence of alcohol. Defendant claimed that his steering assembly was defective, and that the car went out of control because he could not steer it.

Defendant next contends that the trial court erred in admitting evidence of his intoxication, because the indictment did not charge him with the crime of driving while intoxicated. We disagree.

■■ Clearly, evidence of intoxication is probative on the issue of

recklessness. (See *People v. Dietschweiler* (1974), 21 Ill. App. 3d 707, 315 N.E.2d 585; *People v. Chambers* (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476; *People v. Coolidge* (1970), 124 Ill. App. 2d 479, 259 N.E.2d 851.) That defendant was not charged with driving while intoxicated and that no allegation of intoxication was contained in the indictment is irrelevant in this case, as the defendant knew well in advance of the trial that such evidence would be introduced. In denying defendant's motion for a bill of particulars, the trial court noted that defendant had received extensive discovery. Defendant made a motion for a protective order to bar the State from raising the issue of intoxication at trial. Clearly, then, defendant was not in the least surprised by this evidence. Under these facts we believe that the trial court properly admitted the evidence of intoxication.

Defendant's trial began on March 20, 1978. It is uncontroverted that the State had been aware of defendant's intention to call an expert witness for about three months prior to trial. However, it was not until March 23, 1978, after the State had rested its case-in-chief and defense counsel had made his opening statement, that the State's Attorney informed defense counsel and the court that he intended to call Ken Wagner as an expert witness to rebut the testimony of defendant's expert witness. Over defense counsel's objection, the court recessed until March 28, 1978, to allow Wagner to examine the allegedly defective automotive parts. Wagner's report was delivered to defense counsel's residence at 11:40 p.m. on Friday, March 24, and actually received on Saturday, March 25. However, defendant's expert witness was present during Wagner's examination of the parts.

On March 28, before the State presented its rebuttal evidence, defense counsel made a motion to exclude Wagner's testimony, alleging that the use of the witness by the State without prior notice to defendant as required by Supreme Court Rule 412 (Ill. Rev. Stat. 1977, ch. 110A, par. 412) surprised defendant and was prejudicial to his defense. The trial court overruled the motion.

Defendant's expert stated that the damage was the result of a mechanical failure caused by a pre-existing defective condition. Wagner testified that the damage was probably the result of Miller's collision with the Volkswagen, rather than the cause of it. Defense counsel told the court that had he been aware of the evidence presented by Wagner prior to trial, certain stress tests could have been conducted on the parts in question. However, defendant had ample time to have these tests performed prior to trial if he believed such tests were warranted, a decision which would seem apparent.

██ We do not believe that the trial court committed an abuse of

discretion in allowing the prosecution's expert witness to testify as the defendant was not unfairly prejudiced thereby. The prosecution's lack of diligence is not to be commended; however, of necessity, the allowance of such testimony where there has been literal noncompliance with Rule 412 must be left to the sound discretion of the trial judge. *People v. Davis* (1970), 45 Ill. 2d 514, 261 N.E.2d 314.

Davenport, the expert witness employed by defendant, was present at the examination of the steering mechanism of defendant's automobile by Wagner, the State's expert. He had ample opportunity to consult with defendant and his counsel prior to the resumption of the trial on March 28. The defendant argues that Wagner's report contained matters beyond the ken of defendant and his counsel. That may be true, but presumably it was understood by defendant's expert who did not testify until March 28, just prior to Davenport testifying, after Wagner had examined the parts in Davenport's presence and prepared a written report, dated March 23, which was available to Davenport. No continuance was sought by defendant for the purpose of securing further expert testimony.

The matter of the alleged defective steering mechanism was put squarely and fully to the jury. It is apparent the jury rejected defendant's claim that his automobile went out of control because of defective steering mechanism.

While Supreme Court Rule 412 was modified to conform with the Supreme Court's holding in *Wardius v. Oregon* (1973), 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208, defendant was not denied reciprocal discovery. We are here simply faced with the question of whether the trial court committed an abuse of discretion in allowing the State's expert to testify. (*People v. Dees* (1977), 46 Ill. App. 3d 1010, 361 N.E.2d 1126.) We believe it did not.

We reverse defendant's conviction on another ground. During the testimony of James Hasse, the investigating officer, defendant moved for a protective order to exclude testimony of his refusal to submit to a blood alcohol test. Relying on *People v. Dietschweiler* (1974), 21 Ill. App. 3d 707, 315 N.E.2d 585, the court denied the motion and permitted Hasse to testify that defendant had twice refused to take a blood alcohol test, reasoning that the proscription of section 11—501(h) of the Motor Vehicle Code did not apply to prosecutions for involuntary manslaughter or reckless homicide. Defense counsel strenuously argued that the *Dietschweiler* case was distinguishable from this case as it involved a breathalyzer test refused by a defendant charged while driving while intoxicated as well as with involuntary manslaughter. Whether or not these factors are sufficient to distinguish the case, *Dietschweiler* was decided prior to the Supreme Court's decision in *People v. Todd* (1975), 59 Ill.

2d 534, 322 N.E.2d 447, which we believe must control our decision.

Section 11—501 of the Motor Vehicle Code provides in pertinent part:

> "(h) Evidence of a refusal to submit to a chemical test is inadmissible in any civil action or proceeding, or criminal action under Section 11—501 of this Chapter [driving while intoxicated, transporting liquor, and reckless driving] or in any action brought against him for a violation of a local ordinance prohibiting driving a motor vehicle while under the influence of intoxicating liquor. However, nothing in this paragraph (h) shall prevent the admission of evidence of such refusal in a hearing on the suspension of a person's privilege to operate a motor vehicle under Section 2—118 of this Act as amended." (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(h).)

The clear exception in the statute is a proceeding to suspend an individual's privilege to drive. Here, without charging defendant with driving while intoxicated, the State elected to rely heavily upon evidence of defendant's intoxication in order to prove the necessary element of recklessness. Moreover, the death of the victim is the only practical difference between reckless driving, to which the statutory exclusion clearly applies, and reckless homicide, the offense in this case. We note also that in construing section 11—501 of the above chapter, the court in *People v. Leffew* (1975), 33 Ill. App. 3d 700, 338 N.E.2d 480, held another portion of the section applicable to a charge of involuntary manslaughter even though the section is captioned "Article V, Driving While Intoxicated, Transporting Alcoholic Liquor, and Reckless Driving."

As to the refusal to submit to a blood-alcohol test, *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, makes it clear that we are not dealing with an evidentiary problem of constitutional dimensions. (*People v. Todd.*) If not, then the only basis for the nonadmissibility of such evidence must be statutory, as otherwise the refusal to take the test would be admissible as an implied admission. (2 Wigmore, Evidence §273 *et seq.* (3d ed. 1940).) Such an admission is evidenced by conduct and is circumstantially relevant. It is not a testimonial assertion; therefore, the exclusionary principle of *Miranda* should not apply (*Welch v. District Court* (2d Cir. 1979), 594 F.2d 903; 3 Wigmore, Evidence §821 (Chadbourne rev. 1970)), an issue we need not here reach.

Under the reasoning of *Todd,* the statute reflects a broad legislative policy to exclude evidence concerned with such tests absent consent. There the court considered the legislative history of section 11—501(h) of the Motor Vehicle Code and reasoned that the statute required consent

before evidence of results of a blood-alcohol test were admissible in a prosecution for driving under the influence of intoxicating liquor or reckless homicide, although noting that this conclusion was "an unfortunate result and a cruel anomaly." (59 Ill. 2d 534, 544, 322 N.E.2d 447, 453.) If consent is necessary before evidence of such tests are admissible, then evidence of a refusal to take such a test must be likewise excluded. In our opinion, the inference suggested is that the test, if taken, would have been unfavorable to defendant.

■■ The State argues that the admission of this evidence was harmless, noting the other substantial evidence of defendant's intoxication (*cf.* *People v. Walker* (1977), 52 Ill. App. 3d 510, 367 N.E.2d 723). We cannot agree, as we consider defendant's refusal to submit to the test as the equivalent of introducing the results of an unfavorable test, the very thing *Todd* proscribes.

■■ Because of our disposition of this appeal, we do not consider defendant's other assignments of error. However, we note that during defendant's sentencing hearing, the prosecution presented evidence as to the age, attainment, and aspirations of the victims of the accident. We believe this type of evidence is incompetent and immeasurably prejudicial to defendant in cases such as this where the victims are not chosen with any premeditation on the defendant's part. As any future sentencing in this cause will be done under a new and highly detailed statute (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3.2), we trust that no such evidence will be introduced upon remand.

For the above reasons, the judgment of the Circuit Court of Madison County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

G. MORAN, P. J., and KASSERMAN, J., concur.