THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ARLIN W. DAVIS, Defendant-Appellant.

Fifth District   No. 81-139

Opinion filed March 24, 1982.

130

John Gitchoff, of Gitchoff and Wallis, of Granite City, for appellant.

Donald W. Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

On November 25, 1980, defendant Arlin W. Davis was found guilty on three counts of reckless homicide, one count of driving while under the influence of intoxicating liquor, and one count of driving while license or permit is suspended. (Ill. Rev. Stat. 1979, ch. 38, par. 9—3(a), and ch. 95½, pars. 11—501 and 6—303.) The charges were brought as the result of an automobile collision on December 31, 1979, in which Larry Lehman and his two daughters, Stacey and Nicole, were killed. Defendant was sentenced on one count of reckless homicide to a term of three years in prison. It is from this judgment that he now appeals. We affirm the convictions, but remand to the circuit court for resentencing.

Defendant raises two issues on appeal. First, he charges that the trial court erred when it permitted Connie Pelat, a nurse, and Dr. Stephen Spurgeon, the emergency room physician, to testify for the prosecution. He claims that the tender of their names as witnesses violated Supreme Court Rule 412 (73 Ill. 2d R. 412) on "Disclosure to Accused," and did not comply with a November 21 discovery deadline set by the court. He challenges the admission of their testimony because tender of its discovery was made so close to the time of trial that it effectively denied him the opportunity to prepare for cross examination. He maintains further that the November 12 listing of the names of witnesses as "any and all treating physicians," in the absence of a memorandum of the prosecutor's conver-

sations with them, was insufficient to put him on notice that the witnesses would be called upon to testify, or that they would be asked their opinion on the issue of intoxication.

■■ The record does not support his position. Rule 412 does not require that every conversation with witnesses during the course of investigation be reduced to writing. (*People v. Abbott* (1977), 55 Ill. App. 3d 21, 24, 370 N.E.2d 286.) The memoranda submitted by the State amounted to substantial compliance and satisfied the intent and purpose of the rule.

■■ Defendant's argument that the State's Attorney's office acted in bad faith is also untenable. The prosecutor explained that he had been unable to contact certain witnesses earlier because the hospital refused to cooperate when served with a *subpoena duces tecum*. In attempting to meet the court's deadline, he carried his discovery material (including the names of Pelat and Spurgeon) to the courthouse at noon that day. When defense counsel did not arrive, the prosecutor then arranged to deliver the documents to his office that afternoon. In view of these facts, we agree with the trial court that the State made a reasonable and good faith effort to disclose the names of his witnesses and we see no reason to impose exclusionary sanctions.

■■ Defendant likewise cannot claim that he had no notice that the witnesses' testimony would relate to the issue of intoxication. Included in the original discovery submitted by the State were statements made by barmaids that Davis had been drinking. Defense counsel was aware of the physical evidence at the scene of the collision. When the hospital had complied with the subpoena, he had access to the witnesses' names in the medical records. In those records, Nurse Pelat had written "smells of alcohol" on defendant's chart. During the course of trial preparation, defense counsel successfully sought to exclude the results of his client's blood alcohol analysis tests. Thus, he cannot claim he was surprised that those who had an opportunity to observe him on the evening of December 31 would be asked their opinion on the intoxication issue. *People v. Miller* (1979), 75 Ill. App. 3d 775, 777-78, 394 N.E.2d 783.

■■ Finally, the argument that the court's reliance on the opinions of the medical personnel unfairly prejudiced defendant is without merit. The absence of the testimony of Pelat and Spurgeon would not have changed the outcome of the trial. A State trooper and a hospital security guard who had nine months prior experience on a de-tox unit also testified that, in their opinion, Arlin Davis was intoxicated on the evening of December 31. The trial court, in fact, noted its reliance on the guard's opinion at the same time that it mentioned Pelat and Spurgeon. The testimony of the two officers, taken together with evidence in the record that defendant stopped and purchased drinks at three different taverns during the hours preceding the accident, constituted ample evidence on which the court

could have based its decision. Thus, the exclusion of the opinions of the emergency room physician and his nurse would not have altered the outcome of this case. Of course, we do not condone delay in the filing or the exchange of discovery materials; but we do recognize that, under certain circumstances, the parties may have no choice. It is within the trial court's province to determine whether or not the dilatory party exercised good faith in his efforts to submit discovery materials. (*People v. Miller* (1979), 75 Ill. App. 3d 775, 779, 394 N.E.2d 783.) Here, the challenged testimony did not unfairly prejudice the defendant nor was the tender of its discovery made in bad faith. Having further concluded that the requisites of Rule 412 were met, the trial court did not commit an abuse of discretion by ruling that the testimony was admissible.

■■ The second contention, that the State failed to prove defendant's guilt beyond a reasonable doubt as to each and every charge, is likewise without merit. Defendant was found guilty on three counts of reckless homicide. Recklessness is defined as conscious disregard of "a substantial and unjustifiable risk that circumstances exist or that a result will follow, * * *, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 4—6.) The indicium of conscious disregard need not be shown solely by the maneuvering of the motor vehicle. It may include the physical condition of the driver. (*People v. Boyle* (1979), 78 Ill. App. 3d 791, 797, 396 N.E.2d 1347.) Evidence of a driver's intoxication has often been held probative on the issue of recklessness. (*People v. Miller* (1979), 75 Ill. App. 3d 775, 777, 394 N.E.2d 783.) If a driver is under the influence of intoxicating liquors, and evidence shows that his driving violation caused death or great bodily harm, courts will find that the violation was "reckless" within the meaning of section 9—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—3(a)). In short, improperly driving a motor vehicle while intoxicated may constitute reckless conduct which will convert what would otherwise be ordinary negligence into criminal conduct. *People v. Chambers* (1972), 8 Ill. App. 3d 430, 434, 289 N.E.2d 476.

The record indicates several witnesses testified that, in their opinion, the defendant was intoxicated. In addition, the State presented evidence that the collision occurred in the victims' lane of traffic. A reconstruction expert stated that gouge marks in the pavement on the Lehman's side of the road were an indication to him that the impact had occurred there. Oil leaks from defendant's car dotted the victims' side of the highway. Much of the debris from the wreckage was also in the Lehman's lane. The expert stated firmly that, in his opinion, defendant had crossed the center line and driven into the path of the Lehman automobile. Thus, the element of recklessness was definitely proved by the State.

Further, after an examination of the evidence, one must conclude that defendant's reckless driving was the cause of the accident. The road that the parties traveled was straight. There were no hills, curves, bumps, or unfavorable weather conditions which could be said to have contributed to the cause of the accident. Decedent's wife testified that her husband had not been drinking prior to the accident. Thus, there is only one sound conclusion to draw: defendant drove his car recklessly, in a manner likely to cause death or great bodily harm, and, indeed, did cause the death of three persons.

■■■ Defendant challenges this conclusion, arguing that the court relied entirely on circumstantial evidence. He maintains that the accident reconstruction expert's conclusions are insufficient to convict him beyond a reasonable doubt. However, in the absence of eyewitness testimony or any evidence to the contrary, a court may rely on testimony from reconstruction experts to determine such facts as the point of impact and the probable path of vehicles after impact. (Cf. Plank v. Holman (1970), 46 Ill. 2d 465, 470-71, 264 N.E.2d 12; Miller v. Pillsbury Co. (1965), 33 Ill. 2d 514, 211 N.E.2d 733; Abramson v. Levinson (1969), 112 Ill. App. 2d 42, 250 N.E.2d 812.) It is the province of the trier of fact to determine the guilt or innocence of an accused, and its verdict will not be set aside on review unless it is palpably contrary to the weight of the evidence or so unsatisfactory as to justify a reasonable doubt of guilt. (People v. Hairston (1970), 46 Ill. 2d 348, 365-66, 263 N.E.2d 840.) We cannot say the verdict in this case was palpably contrary to the weight of the evidence. This is so particularly when evidence of swerving or improper lane usage was coupled with evidence of intoxication. (People v. Jones (1972), 2 Ill. App. 3d 575, 579, 277 N.E.2d 144.) Consequently, we hold that the State proved Arlin Davis guilty beyond a reasonable doubt, and we affirm his conviction on the three reckless homicide counts.

■■ We likewise find no merit to the related contention that defendant was not proven guilty beyond a reasonable doubt of driving under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code. The State merely had to prove that the defendant was under the influence of intoxicating liquor while driving or being in actual physical control of a vehicle. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.) These elements have already been established by facts set forth in the opinion and further discussion is unnecessary. Davis challenges the final conviction by arguing that he did not violate the special permit under which he operated his automobile. On March 24, 1979, his driver's license was revoked by the Secretary of State. In April of that year he was issued a restricted driving permit for purposes of employment and for performing "necessary household duties." We cannot and do not interpret this language to include the visits to three local taverns or the purchase of

substantial amounts of alcoholic beverages. Accordingly, his conviction on these two counts is affirmed.

■■ Finally, however, we note that the trial court erred as a matter of law when it declined to sentence defendant on the other four counts upon which he was convicted. The law on convictions and sentences where multiple victims exist, set forth in *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330, was applied in *People v. Grover* (1981), 93 Ill. App. 3d 877, 879, 417 N.E.2d 1093, a reckless homicide case which also contained three counts for reckless conduct. There, the court affirmed the conviction and sentencing of the defendant on three separate reckless conduct convictions because three different victims were injured by the defendant's conduct. (*People v. Grover* (1981), 93 Ill. App. 3d 877, 883.) This rule has been applied in kidnapping situations as well. (*People v. Schultz* (1979), 73 Ill. App. 3d 379, 382, 392 N.E.2d 322.) In the case before us, the other two counts of reckless homicide arose because of separate deaths. Separate victims therefore required separate sentences, and the trial court erred in failing to impose them.

■■ The remaining convictions may also draw independent sentences. Driving under the influence of intoxicating liquor in violation of the Illinois Vehicle Code is not by definition a lesser included offense of reckless homicide. This court has already held that, for an offense to be lesser included, all elements of the lesser must be included in the greater. (*People v. Luigs* (1981), 96 Ill. App. 3d 700, 708, 421 N.E.2d 961.) To be convicted of driving under the influence, the defendant must have been intoxicated while operating an automobile.

■■ Intoxication is probative of recklessness, but it is not an element of the crime of reckless homicide. It is possible to commit reckless homicide without ever being intoxicated or driving a motor vehicle. Applying the rule set forth in *Luigs*, the lesser charge in this case is by definition a separate offense warranting a separate penalty.

■■ Likewise, the conduct giving rise to the charge of driving while license or permit is suspended is a separate "act," as "act" is defined in *People v. King* (1977), 66 Ill. 2d 561, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. Defendant violated this statute on his first visit to the tavern, long before the conduct occurred which gave rise to the homicide convictions.

■■ Consequently, we affirm the defendant's conviction on all five counts, but remand to the circuit court of Madison County with instructions to enter sentences on the remaining convictions.

Affirmed and remanded.

KARNS, P. J., and KASSERMAN, J., concur.