THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SHARON McNAIR, Defendant-Appellant.

Fifth District    No. 5—84—0467

Opinion filed November 25, 1985.

- Randy E. Blue and John R. Abell, both of State Appellate Defender's

Office, of Mt. Vernon, for appellant.

Randall J. Rodewold, State's Attorney, of Chester (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Defendant, Sharon McNair, was found guilty after a jury trial of possession of more than 500 grams of cannabis, possession of more than 500 grams of cannabis with intent to deliver, and bringing contraband into a penal institution. Defendant was thereafter sentenced to 12 years' imprisonment for the possession with intent to deliver conviction and six years' imprisonment for the bringing of contraband into a penal institution conviction, both sentences to run concurrently. On appeal, defendant raises issues concerning the propriety of an in-court identification, an alleged *King* violation (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838) and an improper extended-term sentence.

The following facts were adduced at trial. Correctional Lieutenant Randy Tinsman testified that on the evening of July 1, 1981, he was assigned by Correctional Captain Umbdenstock to watch the south parking lot of the Menard Penitentiary for a possible drug drop. At approximately 10:08 p.m. he saw a dark, newer model car drive into the parking lot and turn its lights off. The driver of this car, a petite, white female with dark, shoulder-length hair and rounded prescription glasses, moved over to the passenger side of the car, rolled the window down, leaned partially out of the window and waved toward the south cell house. At approximately 10:28 p.m. this female moved to the driver's side, looked around, went back to the passenger side, leaned out of the window and threw an object over the fence. The female then moved back to the driver's side. The car drove away at a high rate of speed with its lights off. Although Tinsman was 180 feet away from the car when he viewed the female, he was using binoculars which he claimed made the car appear as if it were 20 feet away. The area of the parking lot where these incidents took place was lit by mercury vapor lights approximately 40 or 50 feet from the car. Lieutenant Tinsman was unable to ascertain the make of the car or its license number.

After observing the object go over the fence, Tinsman radioed Correctional Captain Severs and told Severs approximately where the object could be found. Tinsman instructed Severs not to touch the object until Tinsman arrived. When Tinsman arrived at the location, he

observed a package approximately 10 inches by 10 inches and three inches thick. The package had black plastic covering with grass and leaves glued to it. The glue was still quite sticky. After discovering the package, Tinsman called Correctional Captain Umbdenstock. The package was subsequently found to contain 614.7 grams of cannabis.

When Captain Umbdenstock arrived at the prison, Tinsman described the person and automobile he had seen. Umbdenstock stated that the description sounded like that of Sharon McNair. In the presence of Tinsman, Umbdenstock notified the local authorities of the drug drop and gave them the defendant's description, name, automobile make and license number. Shortly before midnight, Chester police informed Umbdenstock and Tinsman that the car Umbdenstock had described was parked outside a local motel. The Chester police had Tinsman sign a blank complaint form and the police and the correctional officers then went to the room which was registered to the defendant and asked her to open the door. When the defendant opened the door to the room, Tinsman identified her as the person who had thrown the cannabis over the prison fence.

The jury returned with verdicts of guilt on all counts, and the court thereafter sentenced the defendant to 12 years' imprisonment for possession of more than 500 grams of cannabis with intent to deliver and six years' imprisonment for bringing contraband into a penal institution. Although the court declined to dismiss the conviction for unlawful possession of more than 500 grams of cannabis, it also declined to impose a sentence on this count.

■ Defendant's first contention on appeal is that her convictions must be reversed because Lieutenant Tinsman's identification of her was tainted by the preshow-up suggestions of Captain Umbdenstock. We decline to address this issue. Under the long-established "law of the case" doctrine, a determination of an issue on its merits by an appellate court is final and conclusive upon the parties in a second appeal in the same case, and the issues considered and decided cannot be reconsidered by the same court except on a petition for rehearing. (*Hall v. Hall* (1976), 43 Ill. App. 3d 97, 98, 356 N.E.2d 1156, 1158.) In the instant case, the State previously appealed an order of the trial court quashing defendant's arrest and suppressing "all evidence seized following the arrest," including "any in-court identification of the defendant at trial." On appeal, this court held that there existed probable cause to arrest defendant and reversed the trial court's suppression in its entirety. (*People v. McNair* (1983), 113 Ill. App. 3d 8, 446 N.E.2d 577.) The admissibility of the identification of defendant by Lieutenant Tinsman was raised in the first appeal. If the record

had supported suppression of the identification, this court would have affirmed in part the decision of the trial court, as a judgment may be sustained on any ground warranted by the record, regardless of the reasons relied on by the trial judge. (See *People v. Hamilton* (1978), 56 Ill. App. 3d 196, 199, 371 N.E.2d 1234, 1236, *aff'd* (1979), 74 Ill. 2d 457, 386 N.E.2d 53.) We did not affirm that portion of the trial court's order; therefore, this court has already implicitly found that the record fails to support suppression of the identification. Our prior ruling is the "law of the case" and is not a proper subject for relitigation before this court.

■ Defendant's second contention on appeal is that her convictions for possession of cannabis and bringing contraband into a penal institution must be vacated because they arose out of the same physical act as the conviction for possession of cannabis with intent to deliver. Specifically, defendant contends that all three offenses were based on defendant's act of tossing the cannabis over the prison fence. The State concedes that the conviction for possession of more than 500 grams of cannabis should be vacated because it is based on the same physical act as the possession of cannabis with intent to deliver conviction. *People v. Jones* (1979), 75 Ill. App. 3d 214, 393 N.E.2d 1132.

At trial, Lieutenant Tinsman testified that on July 1, 1981, he observed a car enter the parking lot of Menard at approximately 10:08 p.m. No one left the car. Defendant, the driver of the car, slid over to the passenger side and rolled down the window. She looked around, then leaned out of the window and waved in the direction of the south cell house. Defendant moved back to the driver's side of the car and a short time later slid back over to the passenger side. Defendant then looked around again, leaned out the passenger window and threw an object over the fence. The object was a package containing 614.7 grams of cannabis.

■ We find that these separate acts support convictions for both bringing contraband into a penal institution and possession of more than 500 grams of cannabis with intent to deliver. Defendant's actions in driving into the parking lot and being in her car with the package of cannabis supports the offense of unlawful possession of cannabis with intent to deliver. (Ill. Rev. Stat. 1983, ch. 56½, par. 705(e).) The manner in which the cannabis was packaged and camouflaged, along with the large amount, support the inference that the cannabis was intended for delivery and not for defendant's personal use. (See *People v. Munoz* (1982), 103 Ill. App. 3d 1080, 1082, 432 N.E.2d 370, 372.) Defendant's actions in leaning out of the car window and tossing

the package of cannabis over the prison fence supports the offense of bringing contraband into a penal institution. (Ill. Rev. Stat. 1983, ch. 38, par. 31A—1.) Although interrelated, each conviction was based on a separate distinct physical act. An "act," as defined in *King*, is "any overt or outward manifestation which will support a different offense." (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45.) Had defendant been arrested as she sat in her parked vehicle with the camouflaged package of cannabis, she would have been guilty of possession of cannabis with intent to deliver. By taking another step, and throwing the package over the fence onto prison grounds, she committed the additional offense of bringing contraband into a penal institution. See *People v. Davis* (1982), 105 Ill. App. 3d 129, 135, 434 N.E.2d 13, 17.

■ Multiple convictions and concurrent sentences are permissible where a defendant has committed several interrelated acts, provided none of the offenses are, by definition, lesser included offenses. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Bringing contraband into a penal institution is not, by definition, a lesser included offense of possession of cannabis with intent to deliver. For an offense to be lesser included, all elements of the lesser must be included in the greater. (*People v. Davis* (1982), 105 Ill. App. 3d 129, 434 N.E.2d 13.) The offense of bringing contraband into a penal institution requires proof that a person knowingly and without authority brought contraband into a penal institution or caused another to do so, or placed an item of contraband in such proximity to a penal institution as to give an inmate access to the contraband. (Ill. Rev. Stat. 1983, ch. 38, par. 31A—1(a).) On the other hand, possession of cannabis with intent to deliver requires proof that a person knowingly possessed cannabis with intent to deliver. Bringing contraband into a penal institution is not a lesser included offense of possession with intent to deliver; the requirement that the defendant in some way facilitates the admission of contraband into a prison is not found in the greater offense. Moreover, possession with intent to deliver is not included in the offense of bringing contraband into a penal institution. Under the facts of the instant case, defendant actually relinquished possession in order to commit the offense of bringing contraband into the penal institution. As each offense requires proof of an element which the other does not, bringing contraband into a penal institution is not a lesser included offense of possession of cannabis with intent to deliver. See *People v. Davis* (1982), 105 Ill. App. 3d 129, 135, 434 N.E.2d 13, 17.

Accordingly, defendant's conviction for possession of more than 500 grams of cannabis is vacated. Defendant's remaining convictions

for bringing contraband into a penal institution and possession of more than 500 grams of cannabis with intent to deliver are affirmed.

■ We note additionally that defendant received extended term sentences for her conviction of possession of more than 500 grams of cannabis with intent to deliver and for bringing contraband into a penal institution. Pursuant to *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569, defendant's six-year extended term for bringing contraband into a penal institution must be vacated. We accordingly reduce defendant's sentence to a nonextended term of three years. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(7).

Affirmed in part; vacated in part.

KASSERMAN and KARNS, JJ., concur.