JUSTICE HOPF
 

 delivered the opinion of the court:
 

 On September 13, 1982, a circuit court jury of Lee County found the defendant, Timothy Gosse, guilty of the crime of reckless conduct (Ill. Rev. Stat. 1981, ch. 38, par. 12 — 5(a)). He was sentenced to a term of probation for one year. The information in substance charged that he committed the offense of reckless conduct, in that his conduct caused great bodily harm to Diane Matheny, a passenger in his jeep, when he attempted to make a right hand turn traveling at an excessive rate of speed on land used to excavate gravel, thereby causing the jeep to flip over and in that manner causing great bodily injury to Diane Matheny. Ms. Matheny in fact died as a result of this incident. This appeal followed. We reverse.
 

 At trial, a witness, Pamela Knapick, testified to a meeting in the city of Rochelle of the defendant, the decedent, Terry Bowers and herself. The four went to the gravel pit area in defendant’s jeep. Upon arrival they each had a beer. They drove around and up and down small hills. They stopped on top of a hill whereupon they twice passed a pipe containing cannabis. The defendant then drove down the hill to level ground and started to go around the hill when the incident occurred. Knapick testified that the defendant drove more or less carefully; that he did nothing unusual in turning the wheel, was traveling around 10 to 20 miles per hour; that the defendant was not under the influence of alcohol or cannabis. James McCaslin, the Rochelle fire chief, testified he could detect the odor of alcohol at close range. Officer Jack Wells could likewise detect alcohol from three to four feet. In the gravel pit area the level ground was made up of pea gravel and sand, and was not as compact as an ordinary gravel road.
 

 In the defendant’s case his father testified that prior to the incident, he and the defendant had repaired the brakes due to the fact that upon getting wet the vehicle pulled to the right on application of the brakes. Defendant testified that during his driving in the gravel pit, he drove through a creek, which was IV2 to two feet deep. He further testified that he may have been traveling 30 miles per hour. The defendant testified that as he was going to turn left, he applied the brakes and the jeep started rolling.
 

 Defendant contends on appeal: (1) that the court erred in not granting his motion in limine to exclude evidence of his consumption of alcohol and cannabis use; (2) that reckless conduct is an inappropriate charge where .the victim dies; and (3) that the proof failed to show that the defendant acted recklessly.
 

 Defendant in advance of trial filed a motion in limine to prevent the State from introducing the evidence of alcohol and cannabis use. The defense contends that such evidence is not admissible unless supported by evidence showing that his mental or physical faculties were impaired. The State takes the position that as long as it did not allege intoxication in charging the offense or tender an instruction thereon, it did not have to prove intoxication and argues further that it did not imply that he was intoxicated. The State contends that the proof of drinking and smoking the cannabis, alone, was relevant to the issue of recklessness. On this point the State relies upon People v. Farris (1980), 82 Ill. App. 3d 147, 402 N.E.2d 629, and People v. Chew (1977), 45 Ill. App. 3d 1024, 360 N.E.2d 417. These cases would appear to be inapposite, as in them both, the defense failed to object to the introduction of this evidence, and further in Farris there appeared to be a heavy consumption of alcohol.
 

 There appears to be no Illinois authority precisely dealing with the issue of whether a negligible consumption of intoxicants is relevant to the issue of recklessness without a further showing that defendant was intoxicated or this consumption impaired his faculties.
 

 A person commits reckless conduct where he “causes bodily harm to or endangers the bodily safety of an individual by any means *** if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful.” (Ill. Rev. Stat. 1981, ch. 38, par. 12 — 5(a).) A person performs acts recklessly “when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow *** and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.” (Ill. Rev. Stat. 1981, ch. 38, par. 4 — 6.) The mental state of recklessness is to be inferred from all of the facts and circumstances in the record and whether the given conduct is reckless is a fact question for the jury to decide. People v. Hawn (1981), 99 Ill. App. 3d 334, 338, 425 N.E.2d 1024.
 

 Evidence of intoxication is permissible in criminal prosecutions charging recklessness, and is probative of this issue. People v. Davis (1982), 105 Ill. App. 3d 129, 133, 434 N.E.2d 13; People v. Farris (1980), 82 Ill. App. 3d 147, 156, 402 N.E.2d 629; People v. Miller (1979), 75 Ill. App. 3d 775, 778, 394 N.E.2d 783.
 

 In civil litigation it is impermissible to make innuendos of intoxication or otherwise offer evidence of drinking unless there is offered evidence of actual intoxication. (Benuska v. Dahl (1980), 87 Ill. App. 3d 911, 914, 410 N.E.2d 249.) There must be a showing that the conduct of the individual was affected by the alcohol. (Clay v. McCarthy (1979), 73 Ill. App. 3d 462, 466, 392 N.E.2d 693.) There must be evidence that the alcohol impaired the party’s mental and physical faculties. 73 Ill. App. 3d 462, 466, 392 N.E.2d 693; Shore v. Turman (1965), 63 Ill. App. 2d 315, 322-23, 210 N.E.2d 232.
 

 These rules emanate from civil cases, and we have found no criminal case that rules precisely that it is error to allow evidence of drinking without proof of intoxication. There are criminal cases that allow the admission of the consumption of alcohol as relevant evidence of intoxication, which intoxication would be evidence dealing with the appropriate mental state for there to be recklessness. (See, e.g., People v. Hawn (1981), 99 Ill. App. 3d 334, 425 N.E.2d 1024 (although the defendant admitted to having drunk three 12-ounce bottles of beer, there was no evidence establishing his intoxication); People v. Chambers (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476, aff’d sub nom. People v. Todd (1975), 59 Ill. 2d 534, 322 N.E.2d 447 (State failed to prove beyond a reasonable doubt that defendant was intoxicated because it did not show any overt act by the defendant evincing intoxication); People v. Bonzi (1978), 65 Ill. App. 3d 927, 382 N.E.2d 1300 (opinion testimony established that defendant was intoxicated); People v. Gray (1972), 7 Ill. App. 3d 526, 288 N.E.2d 26 (ample evidence of intoxication where the defendant drank in bars for a good portion of a six-hour time period); People v. Farris (1980), 82 Ill. App. 3d 147, 402 N.E.2d 629 (heavy drinking established reckless conduct).) Though this appears contradictory, a review of these cases reveals a focus on the amount of alcohol consumed leading to the inference that the defendant was intoxicated. Clearly evidence of intoxication is probative of the issue of recklessness. People v. Miller (1979), 75 Ill. App. 3d 775, 777-78, 394 N.E.2d 783.
 

 We favor a rule that would preclude the State from offering evidence of drinking alcoholic beverages or the use of narcotics without further evidence tying these facts to an inference of intoxication, i.e., that the defendant’s mental or physical faculties were impaired as a result of this consumption. We deem evidence of a nominal consumption of alcohol and cannabis without more or any showing that the defendant’s mental and physical abilities were impaired is so inflammatory as to constitute reversible error. See Wagner v. Zboncak (1982), 111 Ill. App. 3d 268, 270, 443 N.E.2d 1085; Parrish v. Donahue (1982), 110 Ill. App. 3d 1081, 1085, 443 N.E.2d 786.
 

 The State refers to the case of Huff v. State (1943), 68 Ga. App. 799, 24 S.E.2d 227. There the court held that evidence that defendant had been drinking without evidence that he was intoxicated is admissible in a reckless driving prosecution “to prove all of the circumstances at the time of the alleged criminal act *** of the defendant.” (68 Ga. App. 799, 800, 24 S.E.2d 227, 228.) The court continued that “[t]he defendant’s condition, together with his movements and conduct at the time of the alleged criminal act, was a circumstance of such a character, which, when taken in connection with other circumstances according to the common course of events, tended to establish the truth of the matter in issue and was relevant.” (68 Ga. App. 799, 800, 24 S.E.2d 227, 228.) Upon reading the opinion it is evident that there were additional facts relied upon apart from the testimony of a witness to the effect that the defendant had been drinking but was not drunk. The reviewing court did not set forth the facts at trial. Thus it is unclear whether the evidence established that the defendant had consumed an excessive amount of alcohol. The quoted portions of the opinion, however, indicate that there may have been other evidence supporting such an inference. Furthermore, counsel for the defendant objected to this evidence based upon other theories than the question of whether this evidence was relevant. We do not find the Huff case to be that instructive.
 

 The admissibility of evidence lies within the sound discretion of the trial court. (People v. McQueen (1983), 115 Ill. App. 3d 833, 837, 450 N.E.2d 921.) However, in the instant case there was an abuse of discretion in admitting evidence of drinking and the use of cannabis. There was no evidence supporting an inference that this consumption in any way affected the defendant’s ability. Evidence of this nature has a prejudicial impact and should not have been submitted.
 

 We next turn to the defendant’s contention that he was not proved guilty beyond a reasonable doubt. Reckless conduct occurs where a person “consciously disregards a substantial and unjustifiable risk [which causes bodily harm and this] disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.” Ill. Rev. Stat. 1981, ch. 38, par. 4 — 6.
 

 Recklessness is a jury question (People v. Hawn (1981), 99 Ill. App. 3d 334, 338, 425 N.E.2d 1024), and a reviewing court will not set aside a jury verdict unless the evidence is so palpably contrary to the verdict so as to create a reasonable doubt of guilt. People v. Yarbrough (1977), 67 Ill. 2d 222, 227, 367 N.E.2d 666; People v. Callahan (1978), 60 Ill. App. 3d 1020, 1024, 377 N.E.2d 171.
 

 Proof of negligence alone cannot sustain a finding of recklessness. (People v. Hawn (1981), 99 Ill. App. 3d 334, 338, 425 N.E.2d 1024.) The State must further establish circumstances by which the negligent conduct evinces a conscious disregard of a substantial risk likely to cause bodily harm and under which a reasonable person would have acted differently under the same situation. People v. Bolar (1982), 109 Ill. App. 3d 384, 392, 440 N.E.2d 639; People v. Luttmer (1977), 48 Ill. App. 3d 303, 305, 362 N.E.2d 1093.
 

 Proof of a conscious disregard of risk may be established by the physical condition of the driver and his manner of operating the vehicle. (People v. Davis (1982), 105 Ill. App. 3d 129, 133, 434 N.E.2d 13.) Excessive speed alone is not always sufficient to establish recklessness (People v. Bonzi (1978), 65 Ill. App. 3d 927, 931, 382 N.E.2d 1300), but when combined with evidence of intoxication may convert ordinary negligence into recklessness and thus criminal conduct. People v. Bolar (1982), 109 Ill. App. 3d 384, 392, 440 N.E.2d 639; People v. Davis (1982), 105 Ill. App. 3d 129,133, 434 N.E.2d 13.
 

 There was no evidence that defendant drove at an excessive rate of speed. He testified he was traveling 30 miles per hour prior to braking, and an occurrence witness, Pamela Knapick, testified it was between 10 to 20 miles per hour. While this speed may have constituted negligence considering the loose gravel condition, there was no evidence that defendant knew of this and that his speed constituted danger and that he acted in conscious disregard of this danger. Where an occurrence may be attributed to either an innocent or criminal cause, the innocent hypothesis should be adopted. (People v. Hawn (1981), 99 Ill. App. 3d 334, 340, 425 N.E.2d 1024.) Here, a conclusion that only negligence, not reckless conduct, occurred should be adopted.
 

 The State seeks to use evidence of prior activity, i.e., driving up and down the hills, no trespassing signs, “rough terrain” of the gravel pit as evidence of his reckless conduct. Though this evidence may be probative, the inquiry should focus on his activities at the time of the incident, and that occurred on level ground.
 

 The State’s failure to prove that defendant was intoxicated or that his faculties were impaired or to present evidence of heavy drinking (cf. People v. Hawn (1981), 99 Ill. App. 3d 334, 425 N.E.2d 1024; People v. Farris (1980), 82 Ill. App. 3d 147, 402 N.E.2d 629), in light of the testimony that defendant did not appear intoxicated, requires a reversal. While defendant may have been negligent, without proof of intoxication or other circumstances his conduct cannot be characterized as showing a conscious disregard of a substantial and unjustifiable risk which would constitute a gross deviation from the standard of care which a reasonable person would exercise under the circumstances. (People v. Chambers (1972), 8 Ill. App. 3d 430, 434, 289 N.E.2d 476, aff’d sub nom. People v. Todd (1975), 59 Ill. 2d 534, 322 N.E.2d 447.) It cannot be said that defendant’s conduct was reckless. Therefore, his conviction should be reversed. We do not reach the issue of charging reckless conduct where death results to the victim.
 

 Reversed.
 

 REINHARD and VAN DEUSEN, JJ., concur.