THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD SPAULDING, Defendant-Appellant.

Second District   No. 2—87—0833

Opinion filed July 13, 1988.

Edward L. Michael and Kenneth D. Greisman, both of Abbott Laboratories, of Abbott Park, and Michael J. Cummins, of Waukegan, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Following a bench trial, the defendant, Donald J. Spaulding, was found guilty of operating a vehicle whose rear tandem axle had a load surface weight of 35,180 pounds in violation of section 15—111(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 15—111(a)). Defendant was fined $260. He appeals.

The sole issue on appeal is whether the trial court erred in determining that the vehicle defendant was operating was not a truck within the meaning of the Code and thus not covered by an exception

to the weight requirement in section 15—111(a).

The following facts were stipulated to at defendant's trial: (1) that the subject vehicle was equipped with an industrial roll-off hoist and container and was being used exclusively to haul refuse and garbage; (2) that at the time the ticket was issued, the subject vehicle was laden with refuse and garbage; and (3) at the time the ticket was issued, the rear tandem axle of the subject vehicle had a road surface weight of 35,180 pounds.

Section 15—111(a) of the Code provides in pertinent part as follows:

> "Any 2 or more single axles whose centers are more than 40 inches and not more than 96 inches apart, measured to the nearest inch between extreme axles in the series, shall be defined as tandem axles, and the gross weight transmitted to the road surface *** shall not exceed 32,000 pounds ***. ***
>
> A truck specially equipped with a selfcompactor, or an industrial roll-off hoist and roll-off container, used exclusively for garbage or refuse operations may, however, when laden with garbage or refuse, transmit upon the road surface of any highway except when part of the National System of Interstate and Defense Highways, a gross weight upon a single axle not more than 22,000 pounds, and upon a tandem axle not more than 40,000 pounds." Ill. Rev. Stat. 1987, ch. 95½, par. 15—111(a).

The State argued and the trial court found that the weight exception found in section 15—111(a) did not apply to the defendant's vehicle because it was a truck tractor rather than a truck. The following definitions therefore are pertinent to our determination of this issue:

> "Truck. Every motor vehicle designed, used or maintained primarily for the transportation of property." (Ill. Rev. Stat. 1987, ch. 95½, par. 1—211.)

And:

> "Truck tractor. Every motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn." Ill. Rev. Stat. 1987, ch. 95½, par. 1—212.

The rules of statutory construction in Illinois require the court to resolve statutory ambiguities in favor of criminal defendants. (*People v. Foster* (1983), 99 Ill. 2d 48, 55.) Defendant takes the position that the use of the term "truck" in section 15—111(a) is ambiguous and, as such, should be construed in his favor. On the other hand, the State contends that the definitions of "truck" and "truck tractor" are mutually exclusive, and that the use of the term "truck" was pur-

posefully used to distinguish between the type of vehicles the legislature meant to be covered by the statutory exception. Any other interpretation, the State argues, would at best be a meaningless result or at worst, an absurd one. Where several constructions may be placed upon a statute, the court should select that interpretation that leads to a logical result and avoid that which is absurd, since the presumption exists that the legislature in passing the statute did not intend absurdity, inconvenience, or injustice. (*People v. Mullinex* (1984), 125 Ill. App. 3d 87.) Further, it will not be presumed that the legislature intended a meaningless act in enacting a statute. *Niven v. Siqueira* (1985), 109 Ill. 2d 357.

We note with interest the fact that the term "vehicle" is used in section 15—111(a) except that portion setting forth the exception to the weight requirements contained in that section. We also take note of the cases cited to us by the defendant in which the term "truck" is used by the court to describe both truck trailers and semitractor trailers. See *People v. Lumpp* (1977), 54 Ill. App. 3d 235; *People v. Hansen* (1966), 74 Ill. App. 2d 49; *People v. Klabough* (1951), 342 Ill. App. 507.

■ After reviewing the applicable definition in this case together with the stipulation at trial, we are of the opinion that the exception to the weight requirements contained in section 15—111(a) was applicable to defendant's vehicle, because although the vehicle was a truck tractor and semitractor, at the time relevant to these proceedings, it was equipped with roll-off hoist and container and hauling refuse and garbage, as required under the exception in section 15—111(a). It was therefore constructed to carry a load other than a part of the weight of the vehicle and load so drawn. In other words, since it was equipped to haul garbage and refuse, it no longer fit the definition of a truck tractor. Since the statute does not provide for a situation in which a particular kind of truck is equipped to do more than the statutory definition allows it, an ambiguity exists which must be resolved in defendant's favor. *People v. Foster* (1983), 99 Ill. 2d 48.

The judgment of the circuit court of Lake County is reversed.

Reversed.

LINDBERG, P.J., and UNVERZAGT, J., concur.