THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JAMES PETERS, Defendant-Appellee.

Second District   No. 2—87—1204

Opinion filed March 22, 1989.

J. Christopher Moore and Mary Jo Hunt, State's Attorneys, of Galena
(William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Francine Harrison, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals (107 Ill. 2d R. 604(a)(1)) from an order of the trial court which granted the motion of the defendant, James Peters, to dismiss the charge of reckless conduct (Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a)) for failure to state a cause of action. The State's sole contention in this court is that the criminal complaint properly charged the defendant with the offense of reckless conduct as a result of a reckless act he performed which resulted in bodily injury to himself. We affirm.

On September 22, 1987, the State filed a criminal complaint which stated that the defendant committed the offense of reckless conduct because he "caused bodily harm to himself in that while acting in a reckless manner he discharged a gun striking himself in the chest" in violation of section 12—5(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a)). The defendant filed a motion to dismiss the complaint on October 20, 1987, in which he asserted that the charging instrument failed to state a cause of action and thus was void. After holding a hearing to adjudicate the motion, the trial court granted the defendant's motion to dismiss on November 20, 1987, and the State filed a timely notice of appeal.

■ Section 12—5(a) of the Code defines the offense of reckless conduct in the following language:

"A person who causes bodily harm to or endangers the bodily safety of *an individual* by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a).)

The main thrust of the State's appellate argument is that the legislature, by using the words "an individual" instead of "another individual," did not intend to delimit the scope of the statute to persons other than defendants. According to the State, inasmuch as the purpose of the reckless conduct enactment is to deter certain reckless acts, "[w]here bodily harm has resulted, the application of the statute should not, as a matter of policy, depend on whether the defendant has harmed himself rather than someone else." Continuing, the State asserts that the reckless conduct offense focuses on the *performance* of a reckless act that had the inherent risk of bodily injury rather than on the *identity* of the person who was harmed or endangered.

In response, the defendant draws our attention to the language of both the first-degree murder statute (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)) and the offense of battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—3(a)), both of which use the words "an individual" rather than "another individual" in defining those offenses, and argues by analogy that the reckless conduct statute should be interpreted in the same manner as the murder and battery statutes—as applying only in cases where the victim is someone other than the defendant. The defendant also asserts that there is no basis upon which to predicate the State's implicit argument that the legislature, when it enacted the reckless conduct statute, sought to proscribe reckless acts that result in bodily harm or endangerment only to oneself. Lastly, the defendant urges that the statute in issue contains two elements: (1) the performance of a reckless act and (2) the causing of bodily injury or endangering the safety of an individual.

For the reasons we explicate below in some detail, we conclude that the State's assignment of error is not meritorious and that its argument flies in the face of the language of the statute itself, the intent of the legislature in enacting the law, Illinois case authority, the Illinois Pattern Jury Instruction defining the offense of reckless conduct, and logic.

■ The issue the State presents in this appeal requires us to construe the language of the reckless conduct statute (Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a)), which we have set forth above. In approaching this task, we are cognizant that the primary objective in interpreting a statutory enactment is to ascertain and give effect to the intent of the legislature. (*People v. Dakuras* (1988), 172 Ill. App. 3d 865, 869; *People v. Gibson* (1981), 99 Ill. App. 3d 616, 619, *rev'd on other grounds* (1982), 91 Ill. 2d 562.) Although we must look primarily to the language of the statute to discern the legislature's intention, we may also consider the objective of the statute and the evils the legislature sought to remedy and then arrive at a construction that is founded in common sense. (*Gibson*, 99 Ill. App. 3d at 619.) The law is equally clear that a criminal or penal statute must be construed strictly and may not be extended to encompass conduct which does not, by the strictest interpretation, fall within the ambit of the statute. (*People v. Parvin* (1988), 125 Ill. 2d 519, 525, *aff'g People v. Parvin* (1987), 164 Ill. App. 3d 29, 33-34.) Another relevant cardinal rule of statutory construction is that a court must resolve any ambiguity in a criminal statute in favor of the defendant. *People v. Moritz* (1988), 173 Ill. App. 3d 498, 504; *People v. Spaulding* (1988), 172 Ill. App. 3d 484, 485.

■ We begin our analysis by noting that the crime of reckless conduct is a broad, all-inclusive offense (*Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 309; *People v. Hayes* (1979), 75 Ill. App. 3d 822, 825) that "is aimed primarily at the reckless homicide type of conduct where no homicide results" (Ill. Ann. Stat., ch. 38, par. 12—5(a), Committee Comments, at 573 (Smith-Hurd 1979)). However, the committee comments to section 12—5(a) do not limit the scope of the statute to such conduct. (*People v. Burton* (1981), 100 Ill. App. 3d 1021, 1025.) We agree with Professor Decker's observation that our General Assembly established the offense of reckless conduct to punish criminally those reckless acts "that do not rise to the level of some form of assault or battery." (J. Decker, Illinois Criminal Law 325 (1986).) As the professor correctly notes, the various offenses of assault and battery are limited, respectively, either to situations in which a defendant places *another* person in apprehension of an imminent battery or inflicts injury on *another*. J. Decker, Illinois Criminal Law 325 (1986).

■ With these legislative purposes in mind, we now turn to the essential inquiry before us: the interpretation to be accorded the words "an individual" included in section 12—5(a) of the Code, the reckless conduct enactment. We believe that our legislature intended the words to mean someone other than the person who is charged with the offense of reckless conduct. We emphasize that both the first-degree murder statute and the battery statute, in defining those respective offenses, use the same two words, quoted above, that are used in prescribing the crime of reckless conduct. (Compare Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a), 12—3(a), with Ill. Rev. Stat. 1987, ch. 38, par. 12—5(a).) The committee comments to section 9—1(a) of the Code, which defines the offense of first-degree murder, make it clear that the word "individual" is employed "to designate the victim, to distinguish him from the 'person' who is the offender." (Ill. Ann. Stat., ch. 38, par. 9—1(a), Committee Comments, at 17 (Smith-Hurd 1979).) We readily conclude that the same interpretation obtains in the present case.

Given the manifest purposes of the reckless-conduct statute and the use of the words "an individual" in the other criminal statutes mentioned above, it strains the credulity of this court to believe that the legislature intended the offense of reckless conduct to apply in situations where the charging instrument alleges that the offender harmed or endangered himself or herself only. We are satisfied that the legislature, in its wisdom, did not intend such an illogical reading or application of the statute. Rather, we agree with the defendant

that although the legislature on occasion will proscribe certain conduct which primarily harms or endangers the person who is charged with the crime, the General Assembly did not intend to punish, through the vehicle of the reckless conduct statute, behavior that only harms the person who is reckless. It is much more likely or reasonable, as the defendant surmises, that the legislature decided that the injury the reckless conduct inflicts on the person who acts in a reckless manner is sufficient punishment and that it was unwise or unnecessary to subject that person to an additional, criminal penalty.

In our view, to adopt the State's construction of the word "individual" in the current context would necessarily lead, by implication, to the absurd result, which the legislature clearly did not intend and which, to our knowledge, no one has suggested, that a person could be convicted of murdering himself or herself or of committing a battery against himself or herself. We wonder aloud, too, how the State, which did not file a reply brief, would respond to the defendant's assertion in his brief that the position the State has taken in this case would inevitably lead to the illogical result that an unsuccessful suicide attempt would amount to attempted murder. Of course, this scenario could not come to pass in Illinois because suicide and attempted suicide are not crimes in this State (see *Royal Circle v. Achterrath* (1903), 204 Ill. 549, 565-66; Ill. Rev. Stat. 1987, ch. 38, par. 1—3; 2 W. LaFave & A. Scott, Substantive Criminal Law §7.8(a), at 247 (1986)), and the attempted murder statute would not apply to an attempted suicide (83 C.J.S. *Suicide* §3, at 783 (1953)). Nonetheless, the defendant's argument in this respect demonstrates further the untenable position the State has advocated both in the trial court and in this appeal.

We note that the State has reminded us that this appeal presents a matter of first impression in Illinois. We agree but observe in turn that the probable reason this is true is because no one before has been so bold to raise this novel argument which, in addition to advancing an unreasonable construction of the language of section 12—5(a) of the Code, fails to take into account or address authority in this State which clearly indicates that the State's interpretation of the statute is manifestly unwarranted. Recently, the appellate court has recognized on at least two occasions that the crime of reckless conduct occurs when the reckless conduct harms or endangers *another* person or *others*. (See *People v. Khan* (1985), 136 Ill. App. 3d 754, 759; *People v. Hayes* (1979), 75 Ill. App. 3d 822, 825.) Also, we point out that the State has failed even to mention in its brief the fact that every case in Illinois involving the use of a weapon in connection with a reckless

conduct charge has implicated a defendant who was charged with harming or endangering another person, that is, the victim (*e.g.*, *Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 308-09; *People v. Smith* (1979), 76 Ill. App. 3d 191, 195-96; *People v. Broumas* (1974), 24 Ill. App. 3d 32; *People v. Johnson* (1974), 20 Ill. App. 3d 1085, 1087-88; *People v. Kent* (1974), 18 Ill. App. 3d 357, 358; *People v. Thomas* (1971), 1 Ill. App. 3d 139, 141-42).

The State has also neglected either to acknowledge or to address the fact that the Illinois Pattern Jury Instruction defining the offense of reckless conduct manifestly states that a person commits this crime when he or she recklessly performs an act that causes bodily harm to or endangers the bodily safety of *another person*. (Illinois Pattern Jury Instructions, Criminal, No. 11.13 (2d ed. 1981).) It is abundantly clear that this instruction accurately states the law. *People v. Intercoastal Realty, Inc.* (1986), 148 Ill. App. 3d 964, 973-74.

Based upon our careful examination of the reckless conduct statute, existing legal authority, the particular facts of this cause, and the contents of both the State's argument in the trial court and the brief it filed in this court, we candidly admit that we are at a loss to understand why the State initially prosecuted this defendant based on a criminal complaint that did not allege he harmed or endangered someone other than himself or why the State has persisted in appealing this matter after the trial court concluded that the complaint failed to charge an offense under section 12—5(a) of the Criminal Code of 1961. We fail to understand how the prosecution of this case could be perceived to be a wise use of the limited resources of both the State and the judiciary.

Inasmuch as the criminal complaint at issue in this appeal asserted that the defendant harmed only himself when he discharged the weapon, the trial court correctly concluded that the complaint failed to charge the offense of reckless conduct and properly dismissed the charge.

In accordance with the views expressed above, the judgment of the trial court of Jo Daviess County is affirmed.

Affirmed.

DUNN and LINDBERG, JJ., concur.