THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERROL WILSON, Defendant-Appellant.

First District (1st Division)   No. 1—87—2488

Opinion filed March 30, 1990.

CAMPBELL, J., dissenting.

Charles K. Piet and Kenneth Anspach, both of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and James M. Sanford, Assistant State's Attorney, of counsel), for the People.

JUSTICE MANNING delivered the opinion of the court:

Following a bench trial, the defendant, Errol Wilson, was convicted of the offense of reckless homicide and sentenced to three years' imprisonment. Defendant appeals both from the conviction and the sentence imposed.

Defendant argues on appeal (1) that the indictment charging him with the offense of reckless homicide was defective since it did not set forth sufficient facts to enable him to prepare a defense; (2) the trial court erred in allowing a victim impact statement to be read into the record at his sentencing hearing since this violated his constitutional rights to due process and equal protection; (3) the evidence was insufficient to prove him guilty beyond a reasonable doubt; (4) the trial court erred in denying his motion for a directed finding at the close of the State's case; and (5) the trial court abused its discretion in sentencing him to a three-year term of imprisonment and the denial of a sentence of probation was arbitrary.

At trial, police officer Mark Weidner testified that on January 10, 1986, he was on patrol in a marked squad car in Lincolnwood, Illinois. Weidner assisted Officer Lamantia, who had received a radio call concerning a personal injury auto accident on the 6500 block of Cicero Avenue. At that location Cicero Avenue is six lanes wide, with two

traffic lanes and one parking lane in each direction. Weidner observed that the road conditions were dry and clear. Weidner stated that he observed two cars with heavy front end damage in the far right southbound lane. He exited his squad car to aid anyone who might have been injured and observed two elderly people, John and Aida Burke, in one of the automobiles. John Burke was bleeding from an injury to his head, and Weidner stated that he placed a bandage on the wound. He then went around and forced the passenger door open. Aida Burke was not breathing, and Weidner and Lamantia pulled her from the car and performed cardiopulmonary resuscitation on her. The paramedics arrived and took over the care of Aida Burke.

Weidner first observed the defendant next to his automobile lying on the grass. Lamantia and a police sergeant at the scene instructed Weidner to accompany defendant to the hospital because he was being arrested for driving under the influence of alcohol. At the hospital, Weidner overheard defendant state to the emergency room physician that he had consumed a couple of beers earlier.

Officer Lamantia testified and corroborated Officer Weidner's testimony. In addition, Lamantia testified that, when he approached defendant's car, the defendant was bleeding from a head wound and Lamantia applied a gauze pad to defendant's head. He stated there was a strong odor of alcohol on defendant's breath. He further stated that he observed skid marks behind the Burkes' car; however, there were no skid marks behind defendant's car. About 30 to 40 minutes after leaving the scene, Lamantia proceeded to the Lincolnwood auto pound, where the two automobiles involved in the accident had been towed, in order to inventory personal property in the vehicles. While making an inventory of the property in the defendant's car, Lamantia discovered a partially full vodka bottle.

Dr. Howard Croft testified that he was the emergency room physician at Skokie Valley Hospital and that he pronounced Aida Burke dead at 3:52 p.m. on January 10, 1986. The cause of death was blunt trauma. John Burke survived the accident and was treated for his injuries.

Margo Cestar testified that she was driving southbound on Cicero Avenue on January 10, 1986, behind the Burkes' automobile. She observed the defendant's automobile, which had been traveling northbound, cross the center line and one southbound lane before striking the Burkes' car in the outside, southbound lane. She stated that she stopped and walked over to the accident site, where an elderly couple was in one car, and a man, whom she identified as defendant, was lying in the grass by the other car.

Gerald Burger testified that he had been driving northbound on Cicero Avenue at approximately 3 p.m. on January 10, 1986, when he observed defendant's automobile to his right and somewhat behind him. He stated he saw defendant's car cut in front of him before crossing into oncoming traffic and hitting the Burkes' automobile. As the defendant drove past Burger, Burger stated that the defendant was slumped over the wheel of his automobile, apparently unconscious. Burger testified that he pulled over and approached defendant's automobile, where he saw the defendant lying on the ground, struggling and in pain.

Because our resolution of the issue involving the sufficiency of the evidence is dispositive of this appeal, we will address only those points which relate to that issue.

Defendant contends that the evidence introduced at trial was insufficient to support a conviction for the offense of reckless homicide, and therefore, he was not proven guilty beyond a reasonable doubt. The State maintains that the defendant was proven guilty beyond a reasonable doubt of reckless homicide where the evidence established that defendant had a strong odor of alcohol on his breath and an open bottle of vodka was found in his car at the auto pound subsequent to his arrest.

■ There are three elements which must be proven beyond a reasonable doubt in order to sustain a conviction for reckless homicide: (1) that the defendant was operating a motor vehicle; (2) that an individual was killed; and (3) that the defendant acted recklessly. (Ill. Rev. Stat. 1987, ch. 38, par. 9—3; *People v. Bonzi* (1978), 65 Ill. App. 3d 927, 931, 382 N.E.2d 1300.) In the case at bar, the defendant does not dispute that there was satisfactory proof as to the first two elements and admits that he did operate a motor vehicle which collided with another, resulting in the death of Aida Burke. However, the defendant does dispute that the State proved he performed any acts recklessly.

The term "reckless" is defined in the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 4—6) as follows:

> "A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. An act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning."

This court has held that in order for a guilty verdict of reckless homicide to stand, the record must clearly reveal that the defendant knew of the danger of collision and recklessly or wantonly collided with the decedent without using those means reasonable and at his command to prevent the accident. (*People v. Hawn* (1981), 99 Ill. App. 3d 334, 338, 425 N.E.2d 1024.) In *People v. Hawn* the court observed:

> "It is necessary, as shown in the above statutory definition, for the defendant consciously to disregard a substantial and unjustifiable risk so that there is a gross deviation from the standard of care which a reasonable person would exercise." *Hawn*, 99 Ill. App. 3d at 338.

█ In the case at bar, the only evidence regarding defendant's conduct prior to the collision established that immediately prior to the collision the defendant was observed slumped over the steering wheel of his vehicle, appearing to be unconscious. Subsequent to the collision, an odor of alcohol was detected on his breath and a police officer overheard defendant tell an emergency room physician that he had consumed a couple of beers earlier. Also, sometime after his car was towed to an auto pound, a partially filled vodka bottle was found in his vehicle. The State argues that this evidence of defendant's state of intoxication is probative of recklessness. However, while proof of intoxication is relevant, this court has held that the mere evidence of a nominal consumption of alcohol is inadmissible and its admission constitutes reversible error. *People v. Gosse* (1983), 119 Ill. App. 3d 733, 737, 457 N.E.2d 129.

In *People v. Gosse*, the defendant was charged with reckless conduct. At trial, evidence was introduced that the defendant had consumed a quantity of alcohol and cannabis. This court held that because there was no evidence supporting an inference that the consumption of the alcohol and cannabis in any way affected the mental or physical ability of the defendant, the evidence was insufficient to sustain a conviction. In reversing the conviction, the court stated:

> "We favor a rule that would preclude the State from offering evidence of drinking alcoholic beverages or the use of narcotics without further evidence tying these facts to an inference of intoxication, *i.e.*, that the defendant's mental or physical faculties were impaired as a result of this consumption. We deem evidence of a nominal consumption of alcohol and cannabis without more or any showing that the defendant's mental and physical abilities were impaired is so inflammatory as to constitute reversible error." *Gosse*, 119 Ill. App. 3d at 737.

█ Our courts have held that while improperly driving a motor

vehicle while intoxicated may be reckless conduct which will convert what otherwise would be ordinary negligence into criminal conduct, the record must show that the State has proved beyond a reasonable doubt that defendant was intoxicated and that the intoxication was the proximate cause of the collision. (See *People v. Chambers* (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476, *aff'd sub nom. People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447.) In the instant case, no evidence was presented that defendant was intoxicated. The State provided no evidence that any overt acts of defendant showed a state of intoxication. They presented no opinion evidence and no scientific evidence of intoxication. The only testimony that relates to the issue of intoxication is Officer Lamantia's testimony of a strong odor of alcohol and an overheard conversation that defendant stated he had earlier consumed two beers. The State also makes much of a partially filled bottle of vodka discovered sometime later in defendant's car at the auto pound and the fact that no skid marks were behind defendant's car.

Under the facts of this case we believe the presence of the partially filled vodka bottle has not been sufficiently linked to the defendant's physical state and is, therefore, not relevant. In light of the evidence that defendant appeared to be unconscious when his vehicle crossed into oncoming traffic, this would explain the lack of skid marks. It would be unreasonable to expect an unconscious person to brake an out-of-control vehicle.

■■■ The trial court directed a finding in defendant's favor as to the charge of driving under the influence but at the same time denied a directed finding on the reckless homicide charge. The trial court specifically found that there was insufficient evidence to prove intoxication. Under the holding of *People v. Gosse*, the testimony in this case that defendant admitted consuming a couple of beers earlier in the day and the presence of an open bottle of alcohol in the automobile at the auto pound are not proof that the defendant was in an intoxicated condition. Furthermore, without further evidence linking these facts to an inference of intoxication, the testimony should not have been admitted. The State contends that the evidence was sufficient to establish that the defendant had consumed alcohol, and then drove an automobile, which itself is a reckless act and which ultimately caused the death of Aida Burke. We disagree. Since there was insufficient evidence to establish that defendant was intoxicated, and the trial court granted a directed finding of not guilty as to the charge of driving under the influence of alcohol, the conviction for reckless homicide based on alcohol consumption cannot stand. Under

the circumstances of this case, the evidence did not support the charge of reckless homicide because it was not proven beyond a reasonable doubt that the defendant had consumed enough alcohol to impair his ability to operate a motor vehicle. Therefore, the State has failed to prove that defendant's reckless act was the proximate cause of the victim's death. See also *People v. Chambers* (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476, *aff'd sub nom. People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447.

■ With respect to defendant's argument that the court erred in denying his motion for a directed finding on the reckless homicide charge at the close of the State's case, we find *People v. Trump* (1978), 62 Ill. App. 3d 747, 379 N.E.2d 370, to be dispositive of this issue.

In *People v. Trump* the court observed, in discussing the reason for not allowing a trial court to reserve a ruling on a motion for a directed verdict, that a defendant should not be forced to decide whether to produce evidence in his defense without knowing that the prosecution's evidence was sufficient. *Trump*, 62 Ill. App. 3d at 748.

As we have previously noted, the evidence in this case did not support the charge of reckless homicide because it was not established beyond a reasonable doubt that the defendant had consumed alcohol in sufficient amounts to impair his ability to operate a motor vehicle. Moreover, the trial court allowed defendant's motion for a directed finding on the charge of driving while under the influence of alcohol, stating that "there is not a scintilla of evidence of defendant's blood alcohol content."

Conversely, if the charge of reckless homicide was predicated on the defendant's medical condition, *i.e.*, that he suffered from sleep apnea and that he operated the motor vehicle in reckless disregard of the existence of that condition or that he recklessly consumed alcohol which aggravated that condition, then a directed finding of not guilty should have been entered since the State offered no such evidence in its case in chief.

Yet, because the trial court denied defendant's motion, he felt compelled, in order to refute the inference that he had consumed alcohol, to proceed with evidence relating to this medical condition. At the conclusion of defendant's case, the court found him guilty based upon evidence presented by him.

Our learned colleague bases his view in dissent that there was sufficient evidence to establish defendant's guilt of reckless homicide upon the fact that the trial court's findings held alternatively that either defendant was intoxicated or that he consumed alcohol knowing

that it would affect his ability to remain awake due to a condition known as sleep apnea. The reliance on the trial court's alternative findings is faulty and belies the record in this case. First, as previously noted, the trial court found, as it granted the motion for a directed finding on the DUI, that there was insufficient evidence of intoxication to support a finding of guilty. Additionally, the record is very clear that the diagnosis of sleep apnea was made after the occurrence involved in this case. Consequently, there is no evidence in this record that defendant knew or should have known that he had a condition that could be aggravated by consuming a small amount of alcohol. Accordingly, there can be no finding that he consciously disregarded a substantial and justifiable risk that his acts would be likely to cause death or great bodily harm to an individual.

Because it is our determination that defendant was not proved guilty beyond a reasonable doubt, there is no need to address defendant's remaining contentions.

For the foregoing reasons, we reverse the judgment of the circuit court.

Judgment reversed.

BUCKLEY, P.J., concurs.

JUSTICE CAMPBELL, dissenting:

I respectfully dissent from the decision of my colleagues because I agree with the trial court's determination that the evidence at trial was sufficient to establish that defendant was guilty beyond a reasonable doubt of the offense of reckless homicide. The record establishes that the trial court made alternative findings at the close of trial, holding that either defendant was intoxicated or that he consumed alcohol knowing it would cause him to fall asleep due to sleep apnea. Sleep apnea is a condition which causes a person to stop breathing while asleep. The record establishes that defendant was not diagnosed as having sleep apnea until after he was arrested for this offense.

Dr. Steven Yeh, the physician who examined defendant and diagnosed his condition, testified during trial that a sleep study he conducted on defendant revealed that defendant would stop breathing for intervals of up to a minute and a half during the nighttime. The loss of oxygen would cause defendant to awaken and, as a result, defendant would not get much rest. Defendant told Dr. Yeh that he had this condition for a number of years. Dr. Yeh testified that alcohol or any kind of sedative would aggravate sleep apnea. Dr. Yeh further testi-

fied that if defendant was relaxed, he might fall asleep, but that sleep apnea would not involve sudden attacks of sleep.

A person commits reckless homicide when he unintentionally kills a person while driving an automobile and the acts which cause death are performed recklessly so as to create the likelihood of death or great bodily harm to some person. (*People v. Sleboda* (1988), 166 Ill. App. 3d 42, 519 N.E.2d 512.) Reckless conduct occurs when an individual consciously disregards a substantial and unjustifiable risk that his acts are likely to cause death or great bodily harm to some individual and where such disregard constitutes gross deviation from the standard of care which a reasonable person would exercise in such a situation. *People v. Sleboda*, 166 Ill. App. 3d at 55.

In the case at bar, although the record establishes that defendant was not diagnosed as having sleep apnea at the time of this occurrence, he was aware that he was physically affected by a lack of sleep. In my opinion, this evidence, along with defendant's admission that he consumed alcohol and then drove an automobile, is sufficient to establish that defendant committed a reckless act. The trial court relied upon the fact that defendant knew he had a substance in his system prior to the accident and that he should have been aware of its probable effects on his ability to drive. At trial, Officer Mark Weidner testified that he overheard defendant tell the emergency room physician that he had consumed a couple of beers prior to the accident. In addition, Officer Lamantia testified that there was a strong odor of alcohol on defendant's breath after the accident and that he discovered an open bottle of vodka in defendant's car. The trial court concluded that there was evidence of the presence of alcohol. The evidence of a driver's intoxication is probative of recklessness. (*People v. Sleboda*, 166 Ill. App. 3d at 55.) Further, Margo Cestar and Gerald Burger both testified that they observed defendant's car cut across two lanes of traffic, crossing the center line of traffic and colliding with the victim's car. The mental state of recklessness is to be inferred from all of the facts and circumstances in the record and is a determination for the trier of fact. *People v. Hawn* (1981), 99 Ill. App. 3d 334, 425 N.E.2d 1024.

After reviewing all of the evidence presented within the case at bar, any reasonable person could fairly conclude that defendant committed the offense of reckless homicide beyond a reasonable doubt. I view the findings of the trial court as sufficient to support defendant's conviction for reckless homicide.

For these reasons, I would affirm the judgment of the trial court and I dissent from the decision of this court.