2022 IL App (1st) 200503-U

No. 1-20-0503

Order filed June 3, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 MC4 4734 |
| | ) | |
| IVAN GARDUNO, | ) | Honorable |
| | ) | Elizabeth Ciaccia-Lezza, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's reckless conduct conviction is affirmed, where the trial evidence showed he walked in front of a moving vehicle while making gang signs and under the influence of alcohol.

¶ 2    Following a bench trial, defendant Ivan Garduno was found guilty of misdemeanor reckless conduct and sentenced to seven days in jail. On appeal, he contends the State failed to prove him guilty beyond a reasonable doubt because there was insufficient evidence that he endangered the safety of another person by walking into the street and making gang gestures. We affirm.

¶ 3    Defendant was charged by misdemeanor complaint with reckless conduct (720 ILCS 5/12-5(a) (West 2018)), alleging that on November 22, 2018, in Cicero, Illinois, he "walked head on with a vehicle on the roadway placing drivers and himself in danger of bodily or great bodily injury while *** under the influence" and while "simultaneously making gang gestures with his hands and yelling."

¶ 4    At trial, Cicero police officer Richard Pater testified that on November 22, 2018, at 4:25 a.m., he and his partner Officer Martin Lopez were in plainclothes, driving north in an unmarked vehicle on the 2300 block of Cicero Avenue. Lopez was driving, and Pater was in the passenger's seat. On their right side, defendant walked off the sidewalk from a gas station into the road, in "the middle of traffic," and started walking towards them (R 29) "flag[ging]" the officers with gang signs representing the Latin Kings gang. As a police officer, Pater had been trained to recognize gang signs. He stated that the town of Cicero had "Latin Kings, Latin Counts, Maniac Latin Disciples, Gangster Disciples, *** Vice Lords, *** 4GMs, [and] Satan Disciples." Defense counsel objected to the relevance of the testimony that defendant made gang signs, and the trial court found it was admissible to the extent that it showed defendant was not walking towards a moving vehicle for "medical attention" or "police assistance."

¶ 5    The officers stopped their vehicle in the middle of the street, about three or four feet in front of defendant. They activated their emergency lights, exited, and announced their office. Defendant responded, "[A]w s***." The officers made "contact" with him, smelled "an odor of alcohol on his breath and person," and arrested him. The State asked, "And in your opinion, did the defendant's actions endanger you or your partner's life?" Pater answered, "Yes."

¶ 6    On cross-examination, Pater confirmed that Lopez did not have to swerve to avoid hitting defendant because he was "in the middle of the traffic lane" and they stopped before they got to him. He and Lopez were wearing seatbelts, and the vehicle was equipped with air bags, but Pater did not know if it had dual air bags because it was "probably an older Crown Vic."

¶ 7    On examination by the court, Pater testified that Cicero Avenue ran north and south with two lanes in each direction, there were no crosswalks because it was a "main thoroughfare," and the nearest crosswalk was at the stoplights.

¶ 8    Defendant testified that he was going to his grandmother's house that morning. He walked southbound on Cicero Avenue in a gas station driveway, which merged with the sidewalk. He was cold, had his hands inside his hooded sweatshirt, and was looking at the ground. He saw the bumper of a vehicle enter the gas station's driveway and stop "right by [his] legs." He looked up, jumped back, and said, "What the f***, *** you almost drive me over [*sic*]." Police officers exited the vehicle and approached him. They told him to take his hands out of his pockets and "put them up." They placed him in their squad vehicle, searched him, and "locked [him] up." Defendant asked why they were arresting him, and they told him that he "jumped in the street." Defendant testified that he was in the gas station driveway, and the police vehicle was half in the driveway and half in the street.

¶ 9    Defendant denied that he made any gang signs or that he was a gang member, but his brother was in a gang. He did not remove his hands from his sweatshirt until the police told him to do so. He testified there were not "many" other vehicles at the scene, and he had no intention of endangering anyone.

¶ 10    On cross-examination, defendant denied that he was drinking that night. He noticed other vehicles being refueled at the gas station, passing vehicles, and other people "around." The State asked if he was looking where he was walking, and defendant testified he was "looking down at the street" with his head down and his hood up because the wind was blowing.

¶ 11    The trial court found defendant guilty of reckless conduct. In doing so, the court found it "very relevant" that there were "other people present," and found Pater credible. It stated "what's unimpeached is the defendant walking into the middle of the street." There were vehicles in the gas station and passing by. The court found that because defendant was in a "town like Cicero" where "gangs are very real," defendant's "flashing of gang signs is an issue." The court remarked "that issue being something that we see too often, now, today, in Chicago and the neighboring suburbs, and that being gang violence, retaliation, shootings, innocent bystanders, children, constantly not only being hurt, but being killed, because of gang activity." The court found defendant's flashing gang signs in the middle of the street "[a]bsolutely" endangered the safety of other individuals. The court then stated that defendant endangered the bodily safety of the officers by approaching them on foot in "oncoming traffic" when there were other vehicles present.

¶ 12    The court sentenced defendant to seven days in jail.

¶ 13    On appeal, defendant argues the State failed to prove him guilty of reckless conduct beyond a reasonable doubt because there was insufficient evidence that he endangered the safety of another person by walking into the street and making gang gestures.

¶ 14    "The due process clause of the fourteenth amendment to the United States Constitution requires that a person may not be convicted in state court 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " *People v.*

*Cunningham*, 212 Ill. 2d 274, 278 (2004) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). When reviewing the sufficiency of the evidence at trial, our inquiry is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Cooper*, 194 Ill. 2d 419, 430-31 (2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

¶ 15     We will not retry the defendant when reviewing a challenge to the sufficiency of the evidence. *People v. Nere*, 2018 IL 122566, ¶ 69. Rather, it is the role of the trier of fact "to determine the credibility of witnesses, to weigh their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from the evidence." *People v. Williams*, 193 Ill. 2d 306, 338 (2000). The trier of fact need not "disregard inferences which flow normally from the evidence before it," or "search out all possible explanations consistent with innocence, and raise those explanations to a level of reasonable doubt." *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60. We "must allow all reasonable inferences from the record in favor of the prosecution" (*People v. Givens*, 237 Ill. 2d 311, 334 (2010)), and will not reverse a conviction unless the evidence is "so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt" (*People v. Bradford*, 2016 IL 118674, ¶ 12).

¶ 16     To prove defendant guilty of reckless conduct, the State had to show that he "by any means lawful or unlawful," recklessly performed an act or acts that "cause bodily harm to or endanger the safety of another person." 720 ILCS 5/12-5(a)(1) (West 2018). A person acts recklessly when that person "consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense, and that disregard constitutes

a gross deviation from the standard of care that a reasonable person would exercise in the situation." 720 ILCS 5/4-6 (West 2018).

¶ 17    Reckless conduct is a "broad, all-inclusive offense," which was established "to punish criminally those reckless acts that do not rise to the level of some form of assault or battery." (Internal quotation marks omitted.) *People v. Peters*, 180 Ill. App. 3d 850, 853 (1989). "The mental state of recklessness is to be inferred from all of the facts and circumstances in the record," and "[w]hether given conduct is reckless is a question for the trier of fact." *People v. Ford*, 2016 IL App (3d) 130650, ¶ 21. As to the element that the defendant endanger the safety of another person, the State need not show that the conduct "will result or actually results in harm," but rather that the conduct "created a dangerous situation—such that an individual was in peril of probable harm or loss." *People v. Collins*, 214 Ill. 2d 206, 214-15 (2005). The offense of reckless conduct does not apply where the offender harms or endangers himself or herself only. *Peters*, 180 Ill. App. 3d at 853-54.

¶ 18    "Proof of negligence alone cannot sustain a finding of recklessness." *People v. Gosse*, 119 Ill. App. 3d 733, 738 (1983). "Evidence of intoxication is permissible in criminal prosecutions charging recklessness, and is probative of this issue." *Id.* at 736. Therefore, for instance, although excessive speed while driving does not alone always establish recklessness, excessive speed combined with evidence of intoxication may "convert ordinary negligence into recklessness and thus criminal conduct." *Id.* at 739.

¶ 19    Defendant does not dispute on appeal that he walked into a street and made "gestures that were interpreted by a police officer as gang signs." Rather, he argues the evidence did not show his conduct endangered another person's safety, as required to sustain a conviction for reckless

conduct. He argues there was no evidence that anyone else was near the scene or saw the gang signs, and the police officers were ultimately able to stop their vehicle without "making any contact, swerving, or heavy breaking."

¶ 20    After reviewing the evidence in the light most favorable to the State, we find that a rational trier of fact could conclude the evidence presented was sufficient to sustain a finding of reckless conduct. At trial, Officer Pater's testimony showed that he and Officer Lopez drove down Cicero Avenue in an unmarked vehicle at 4:25 a.m., when defendant walked in front of their vehicle in the middle of "traffic." Defendant walked toward them and "flag[ged]" them with gang signs associated with the Latin Kings. They were able to stop within three or four feet of defendant, observed an odor of alcohol on defendant's person, and arrested him. Defendant's conduct in walking immediately in front of a vehicle in the early morning, combined with his behavior of approaching the vehicle flashing inflammatory gang signs, and the evidence that he had been drinking alcohol, were sufficient to shows that his conduct was not merely negligent but reckless. *Gosse*, 119 Ill. App. 3d at 736, 738-39 (evidence of intoxication is probative to the issue of recklessness). Pater's testimony alone was sufficient to sustain defendant's conviction. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009) (testimony of a single credible witness is sufficient to convict).

¶ 21    Defendant nevertheless asserts the State did not meet its burden because it presented no evidence that anyone was nearby to see his gang signs or that there were other vehicles on the road. However, the State did not have to show that defendant's conduct actually harmed or endangered anyone. The evidence at trial that he walked into traffic in front of a vehicle while under the influence of alcohol sufficiently showed that he created a "dangerous situation," in which

anyone in that vehicle could have been "in peril of probable harm or loss." *Collins*, 214 Ill. 2d at 214-18 (evidence that the defendant discharged a firearm into the air was sufficient to sustain a reckless conduct conviction, and the State was not required to introduce evidence that the area was populated, that the incident occurred in a residential area, or that any bullets were recovered from the area). Defendant created an inherently dangerous situation by walking into traffic, which forced the police officers to abruptly stop their vehicle and exposed them to the possibility of being struck by another vehicle. Further, defendant testified there were vehicles in the gas station and passing by. Defendant's conduct risked the safety of not only the officers but also of any other drivers nearby. We find the evidence presented was sufficient to show defendant was guilty of reckless conduct, as it was not "so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *Bradford*, 2016 IL 118674, ¶ 12.

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 23    Affirmed.