THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SINGLETARY JOHNSON, Defendant-Appellant.
Fifth District No. 5—87—0502

Opinion filed August 25, 1989.

148

GOLDENHERSH, J., specially concurring.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Defendant, Singletary Johnson, appeals his conviction for residential burglary and theft. He argues that his arrest should have been quashed and all evidence obtained as a result thereof suppressed because he was arrested in his home on the basis of a defective and invalid arrest warrant. We affirm.

On January 15, 1987, at approximately 8:02 a.m., an information was filed with the circuit clerk of Jackson County, charging defendant with the offenses of residential burglary and theft. The information had been signed and sworn to by Assistant State's Attorney Michael L. Wepsiec before the Honorable Judge William H. South on January 14, 1987. Filed at the same time was an order which had been signed by Judge South on January 14, 1987, finding probable cause to arrest defendant and ordering that a warrant be issued for defendant's arrest. The arrest warrant was served on defendant on January 14, 1987, at 5:56 p.m. and filed with the circuit clerk on January 15, 1987, at approximately 9:33 a.m.

On February 26, 1987, defendant filed a motion to quash his arrest and suppress evidence obtained as a result thereof. The motion alleges that the warrant authorizing defendant's arrest had been issued unlawfully in that the information charging him with the offense had not been filed in open court prior to issuance of the arrest warrant as required by section 111—2(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 111—2(d)). The motion further alleges that no warrantless arrest lawfully could have been made because defendant had been arrested in his home, no voluntary consent had been given to the police to enter the home and there were no exigent circumstances present to justify a nonconsensual entry.

Hearing was held on the motion on March 10, 1987, and the following evidence was adduced. City of Murphysboro police detective Curt Graff testified that on the afternoon of January 14, 1987, he was investigating a burglary of a residence in Murphysboro. At the scene of the burglary, he was given certain information by Sergeant Castle-

bery. Graff proceeded to the police department, where, at approximately 3:45 p.m., he telephoned Assistant State's Attorney Wepsiec. Graff then proceeded to the office of the State's Attorney, where he met with Assistant State's Attorneys Wepsiec and Nieskes. Graff explained the facts of the case as they had been told to him by Castlebery and requested an arrest warrant for defendant. Because the secretaries in the office had left for the day, Wepsiec typed a form which the State's Attorney's office usually uses as an information, an order authorizing issuance of an arrest warrant, and an arrest warrant. Wepsiec used as a complaint for arrest warrant the form which was usually used as an information. Graff then attempted to telephone several judges, but was unable to reach any. Graff and Wepsiec proceeded by automobile to Judge South's residence.

Graff and Wepsiec entered Judge South's residence, where Wepsiec explained that there had been a burglary in Murphysboro involving the theft of a video cassette recorder, and that there was an eyewitness who had seen the defendant carrying a video cassette recorder out of the victim's residence. Judge South read the instrument Wepsiec was using as a complaint for arrest warrant and inquired of Wepsiec if the facts contained therein were true and accurate. Wepsiec responded that they were, and Judge South signed the acknowledgment of Wepsiec's signature and oath, the order authorizing issuance of an arrest warrant and the arrest warrant. Graff then proceeded to defendant's residence.

Graff knocked on the door of defendant's residence and defendant opened the door. Defendant invited Graff into the residence. Graff explained that he had a warrant for defendant's arrest, explained the charge, and took defendant into custody.

On cross-examination, Graff clarified that when he arrived at the State's Attorney's office it was after 4 p.m., and there were no judges available in the Jackson County courthouse. The information Sergeant Castlebery had given Graff was that the victim's son had observed defendant enter the victim's residence. Defendant knew Graff was a police officer when he invited Graff into his residence.

Assistant State's Attorney Michael Wepsiec testified that at approximately 3:45 p.m. on January 14, 1987, he received a telephone call at his office from Detective Graff. Graff later appeared at Wepsiec's office and requested a warrant for the arrest of defendant. Graff explained that defendant had been seen coming out of a house with a video cassette recorder. Wepsiec typed an information form to be used as a complaint for arrest warrant. Graff attempted to telephone two local judges but was unable to reach them. Graff and Wep-

siec proceeded to the home of Judge South. Judge South read the complaint for arrest warrant and asked Wepsiec if the facts contained therein were true. Wepsiec responded that they were, and Judge South signed the complaint for arrest warrant and the order authorizing issuance of an arrest warrant. The circuit clerk's office had been closed when Graff appeared at Wepsiec's office. The same document that Wepsiec used as a complaint for arrest warrant was filed with the circuit clerk the next day, January 15, 1987, as the information charging defendant with the offenses of residential burglary and theft.

Virginia Mason testified that she is the mother of defendant and lives at 513 Bridgewood Lane, Murphysboro. Defendant lives there with her. At approximately 5 or 5:15 p.m. on January 14, 1987, police officers presented themselves at the door of her residence. Mason opened the door and asked what the problem was. The officers responded that they had an arrest warrant for defendant. Mason then invited the officers into her home. Defendant was in the living room of the house. Mason invited the officers into her house because they said they had a warrant.

Defendant testified that he resides with his mother and sister at 513 Bridgewood Lane, Murphysboro. At approximately 5 or 5:15 p.m. on January 14, 1987, police officers presented themselves at the door of his residence. When his mother opened the door, they told her that they had a warrant for defendant's arrest. His mother then let the police officers into the house.

At the conclusion of the hearing, the court found that a court can issue an arrest warrant based upon an information before the information is filed in the circuit clerk's office, and that a judge may issue an arrest warrant from his home when the courthouse is closed. Thus, the court found, the arrest warrant issued here was valid. The court further found that the police officers' entry into defendant's residence was consensual as defendant's mother had invited them in.

The case was tried to a jury on May 8, 1987. The jury found the defendant guilty of residential burglary, criminal trespass to a residence and theft. Hearing was held on defendant's post-trial motion on June 19, 1987. The motion was denied. Sentencing hearing was held the same date. Defendant was sentenced to the Department of Corrections for four years. Judgment was entered on June 22, 1987, on the verdicts of guilty of the offenses of residential burglary and theft, and mittimus was issued.

Defendant now argues that the trial court erred in failing to quash his arrest because the document upon which Wepsiec relied to

obtain the arrest warrant was not a complaint, but an information, which must be filed in open court prior to issuance of an arrest warrant thereon. He argues that he was denied his substantial right to have an arrest warrant issue based upon a State's Attorney's information filed in open court. Section 111—2(d) of the Code of Criminal Procedure of 1963 provides that, upon the filing of an information in open court, the court shall immediately issue a warrant for the arrest of each person charged with an offense. (Ill. Rev. Stat. 1987, ch. 38, par. 111—2(d).) Defendant interprets this to mean that an arrest warrant cannot issue unless an information first is filed in open court. He argues that a court is open only when it is formally convened and in session in a courthouse. He argues that, although the information was shown to and read by the judge before the arrest warrant was issued, court was not formally open and in session. Instead, the arrest warrant was issued from the judge's private home. Furthermore, the information was not filed in the circuit clerk's office until the next day. Thus, defendant argues, the information was not filed in open court prior to issuance of the arrest warrant and the warrant was therefore invalid. Defendant further argues that the requirement that the information be filed in open court prior to issuance of an arrest warrant is for the protection of defendant's substantial rights.

■■ ■ Defendant's argument is without merit because the arrest warrant in this case was not issued based upon an information, but upon a complaint for arrest warrant under section 107—9 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1987, ch. 38, par. 107—9.) Section 107—9 provides that an arrest warrant may be issued when a complainant presents to a court a verified, written complaint charging that an offense has been committed, setting forth the name of the accused, the offense charged and the time and place of the offense. The judge must then examine upon oath the complainant, and, upon finding that the person named in the complaint has committed an offense, issue an arrest warrant. Section 107—9 contains no requirement that the complaint for arrest warrant be filed in open court, or that an information be filed in open court, prior to issuance of an arrest warrant.

■■ We think that the instrument presented to Judge South in this case meets all the requirements of a complaint for arrest warrant. Although the instrument used as the complaint for arrest warrant was in the form also used by the office of the State's Attorney as a charging instrument known as an information, it was not being used as an information at the time the arrest warrant was issued. Instead, it was being used as a complaint for arrest warrant and con-

tained all of the necessary elements of a complaint for arrest warrant. It was subscribed and sworn to by the complainant, here the assistant State's Attorney, it charged an offense, and contained the name of the accused and the date and time of the offense.

Further, the evidence indicates that the assistant State's Attorney was examined under oath by the judge. The assistant State's Attorney explained to the judge that there had been a burglary involving the theft of a video cassette recorder and that there was an eyewitness who had seen the person named in the complaint for arrest warrant carrying the video cassette recorder from the victim's residence. The judge read the complaint for arrest warrant and inquired of the assistant State's Attorney if the facts contained therein were true. The assistant State's Attorney "raised [his] hand and said they were." The judge then signed an order finding probable cause for the issuance of a warrant for the defendant's arrest .and ordering that a warrant be issued.

■ We think this procedure meets the requirements of section 107—9. We do not think it makes any difference that the complaint for arrest warrant was signed by the assistant State's Attorney rather than the investigating police officer. Because the instrument was not being used as a charging instrument, but as a complaint for arrest warrant, the signature of the assistant State's Attorney does not automatically convert the instrument into an information. (See the definition of "information" contained in section 102—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 102—12).) The State's Attorney had sufficient facts from the investigating officer, who also was present, upon which to base his complaint for arrest warrant. We are aware of no statute or case law which prohibits a State's Attorney from acting as a complainant on a complaint for arrest warrant.

■ ■ Finally, we see no problem with the fact that the same instrument which was used as a complaint for arrest warrant was used the following day as the information charging defendant with the offenses. The information was filed in open court. However, no arrest warrant was needed at that time as defendant was already lawfully in custody. The document contained all the necessary elements of both a complaint for arrest warrant and an information. Defendant was not prejudiced in any way by use of the same document as both a complaint for arrest warrant and an information.

■ We realize that the basis for our affirmance of the order of the trial court is not the same ground relied upon by the trial court. However, it is well settled that a judgment may be sustained on any

ground warranted by the record, regardless of the reasons relied upon by the trial court. *People v. McNair* (1985), 138 Ill. App. 3d 920, 923, 486 N.E.2d 941, 943.

The arrest warrant issued here was valid and the arrest of defendant was lawful. We therefore need not address the second part of defendant's argument: that defendant's arrest was unlawful because warrantless and made after a nonconsensual entry into defendant's home.

For the foregoing reasons the order of the circuit court of Jackson County denying defendant's motion to quash his arrest and suppress evidence is affirmed.

Affirmed.

HARRISON, J., concurs.

JUSTICE GOLDENHERSH, specially concurring:

I agree with both the general line of reasoning and the result reached by my colleagues in the disposition of this appeal. There are two points on which certain explicit comments need to be made, in my opinion.

First of all, a document cannot be a complaint during the evening and an information on the break of day. The result in this appeal follows the trend of authority in Illinois and elsewhere emphasizing the substance of documents and filings as opposed to the label given to them. In this particular instance, the information also had within it all of the elements of a complaint and the result reached by this court indicates that given the presence of elements for both, a complaint and an information in this particular factual context are not mutually exclusive. Therefore, the trial court reasonably and properly relied upon the contents of the information as sufficient to constitute a complaint and properly issued a warrant for arrest.

As to consideration of the requirement of filing in open court an information or indictment, the section relied on (Ill. Rev. Stat. 1987, ch. 38, par. 111—2(d)) reads as follows:

> "(d) Upon the filing of an information or indictment in open court, the court shall immediately issue a warrant for the arrest of each person charged with an offense directed to a peace officer or some other person specifically named commanding him to arrest such person."

By the terms of this section the court is mandated to perform an act upon the filing of an information in open court, but the terms of this

section by the words used by the General Assembly do not exclude another means of issuing a warrant for arrest, specifically, in this case the means utilized by the State in its application to Judge South. While defendant correctly points out that subsection (d) was not followed by the People in this particular situation, defendant's argument explicitly claims that failure to follow this section invalidates issuance of the arrest warrant and in this argument implies that the procedure in subsection (d) constitutes the only valid means for issuance of such warrant. The terms of subsection (d) do not mandate such a conclusion be reached by this court.

For the reasons as stated by my colleagues and the additional reasons given in this concurrence, I agree that the actions of the circuit court of Jackson County should be affirmed.